## Metropolitan Edison Co.'s Appeal.

402

Argued April 13, 1932. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Harold J. Ryan,* with him *Howard V. Fisher* and
*Newell Duvall,* for appellant.—The assessment was ar-
bitrary and, therefore, the prima facie case made out by
its introduction in evidence is easily rebutted: Lehigh
Val. Coal Co. v. Comrs., 250 Pa. 515; Penna. Co.'s App.,
282 Pa. 69; Mineral R. R. & Mining Co. v. Comrs., 229
Pa. 436; Lehigh, Wilkes-Barre Coal Co. v. County, 231
Pa. 481; Shannopin Coal Co. v. County, 280 Pa. 4.

Appellant's evidence was proper, in view of the special circumstances of the case, and the lower court should have considered it and found the fair public sale value of appellant's property on the basis thereof: Penna. Co.'s App., 282 Pa. 69; Roberts v. Phila., 239 Pa. 339; Phila. & Reading C. & I. Co. v. Comrs., 229 Pa. 468; Del., L. & W. R. R. Co. Tax Assessment, 224 Pa. 240; Mineral R. R. & Mining Co. v. Comrs., 229 Pa. 436; Phila. & Reading C. & I. Co. v. Comrs., 250 Pa. 101.

*Geo. B. Balmer,* with him *John W. Speicher,* City Solicitor, *Earle I. Koch* and *Oliver Lentz,* Assistant City Solicitors, for appellee.—The introduction of the assessment book in evidence creates a prima facie case supporting its correctness, which is not rebutted by the failure of the assessor to consider reproduction cost and capitalized net income value of the assessed property: Lehigh & Wilkes-Barre Coal Co.'s Assessment, 225 Pa. 272; Dubois's App., 293 Pa. 186.

Witnesses with wide experience in real estate in a city are competent to testify as to the market value of a fourteen-story office building, even though there have not been sales of similar buildings in the city: Laureldale Cemetery Co. v. Reading Co., 303 Pa. 315; Com. Trust Co. v. Heh, 99 Pa. Superior Ct., 479; Hoffman v. Coal Mining Co., 265 Pa. 476; Penna. Co.'s App., 282 Pa. 69.

Testimony by separate witnesses as to reproduction cost, ground value, rental value and expenses, is not admissible to show the fair public sale value of an office building: McSorley v. School Dist., 291 Pa. 252; Westmoreland C. & C. Co., v. Pub. Serv. Com., 293 Pa. 326.

Opinion of Mr. Justice Simpson, May 9, 1932:

The tax assessor of the City of Reading having fixed the valuation of appellant's property, it appealed to the Board of Revision and Appeal of the city, which sustained the assessor. It then appealed to the court of

common pleas of the county, which sustained the board. The present appeal was then taken. It must be dismissed.

At the trial, the assessor testified that he assessed the property at what "in my judgment it would bring at a fair public sale." This is exactly what article XV, section 4 of the Act of June 17, 1913, P. L. 568, 615, required him to do, and hence his valuation, approved by the board, made "a prima facie case showing the validity of the assessment": Lehigh & Wilkes-Barre Coal Company's Assessment, 225 Pa. 272, 276; Lehigh Valley Coal Co. v. Northumberland County Commissioners, 250 Pa. 515; Dubois's App., 293 Pa. 186, 189. Appellant concedes that ordinarily this would be so; but contends that, as the assessor admitted on cross-examination he did not know of any recent sales of similar property, did not "make a study of the gross income and net income which the property might be expected to produce," and did not get an "estimate of reproduction [cost] of the building," the presumption was overcome and there was nothing to sustain the assessment. With this we do not agree. It is not necessary to decide to what extent these facts may be considered on an appeal, it is enough that they are not conclusive: Phila. & Reading Coal & Iron Co. v. Northumberland County Commissioners, 229 Pa. 460, 467; Penna. Co. for Ins. on Lives, etc., App., 282 Pa. 69, 73; Dubois's App., 293 Pa. 186, 190.

Appellant produced no testimony as to the price the property would probably "bring at a fair public sale thereof," though two of its witnesses testified they were prepared to give such a valuation. It contented itself with showing the size of the ground and building; that the best use of the latter would be as a commercial office building; what it would cost to change it to answer that purpose; how many square feet of office space there would then be; what the annual rent per square foot would possibly or probably be; what percentage should be allowed for vacancies; what the expense of operating

the building would be; what annual depreciation cost should be allowed; what was the reproduction cost of the building; what was the value of the land, as land; and at what percentage a prospective purchaser would probably capitalize the net income when deciding what he could afford to pay for the property. From this data, appellant asked the court below itself to determine what the property would probably "bring at a fair public sale thereof"; but it wisely refused so to do. No such duty was cast upon it, even if it had sufficient knowledge for the purpose.

Knowledge of some of the factors stated would tend to buttress a witness's opinion as to the value of the property, although others of them, notably the reproduction cost of the building (McSorley v. Avalon Borough School District, 291 Pa. 252, 254; Westmoreland Chemical & Color Co. v. Public Service Commission, 293 Pa. 326), were not proper evidence for any purpose; and their aggregate rarely, if ever, would determine the value at a fair public sale. Such piecemeal factors fail to take into account, inter alia, the relative weight to be given to them severally as respects the particular property; the character of the work done and materials furnished in the construction of the building; its present condition of repair or disrepair; the wisdom or unwisdom of its location for use as a commercial office building; its modernity and adaptability for that purpose; the likelihood of competition with other and better buildings; and whether the property itself, and the neighborhood in which it is situated, are likely to increase or decrease in value. In a particular property there may be other matters of importance to be considered, but at least those above stated, as well as the ones referred to by appellant, were factors to be taken into account, and the witnesses—not the court—should, in the first instance, determine, and be prepared to testify, what weight should be given to them.

The order of the court below is affirmed and the appeal is dismissed at the cost of appellant.