Algon Realty Company Tax Assessment Appeal.

Argued January 10, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*J. H. Ward Hinkson,* with him *Gordon A. Block,* for appellant.

*William R. Toal,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 21, 1938:

Appellant's property is located partly in the Borough of Millbourne in Delaware County, and partly in the City of Philadelphia. The local assessor for the borough fixed the assessment on that part of the property located therein at $280,000. This was approved by the Board of Assessment and Revision. It is the assessment figure which has been placed on the property for a number of years. The hearing judge, on appeal by the borough from the decision of the board, raised the assessment value to $580,300, which he reduced to $348,-180, as being the prevailing average assessment basis in the county of 60%. This he did without having before him any competent evidence which warranted the increase. From this action the property owner appeals.

The borough called but two witnesses to establish its contention that the assessment was too low. One of them based his conclusion as to the value of the property upon his estimate of the depreciated reproduction cost of the building erected on the premises, plus an estimate of the value of the land. This method of estimating the value of the property is contrary to our decision in *Metropolitan Edison Company's Appeal,* 307 Pa. 401, 161 A. 303, where we said (p. 405): "the reproduction cost of the building [was] not proper evidence for any purpose." It is a matter of common knowledge to-day, in view of the great decreases that have occurred in the values of real estate, caused by the depression, that reproduction costs in many instances bear no relation whatever to market value.

The other witness called by the borough based his estimate of value exclusively on the capitalization of his estimated rental value of the property. While rental value may be taken into account, it never can constitute the exclusive standard for fixing the market value of property: *Forster v. Rogers Bros.*, 247 Pa. 54, 93 A. 26; *Stone v. Delaware, Lackawanna & Western R. R. Co.*, 257 Pa. 456, 101 A. 813; *Cunningham v. Ray*, 263 Pa. 492, 106 A. 884.

The proper way to fix the assessment value of property is to determine its actual value, which means its market value. This is provided by the very terms of the Act of May 22, 1933, P. L. 853, Sec. 402, 72 PS Sec. 5020-402: "It shall be the duty of the several . . . assessors . . . to assess . . . all objects of taxation . . . according to the actual value thereof, and at such rates and prices for which the same would separately bona fide sell." These are the exact words in the earlier Act of May 15, 1841, P. L. 393, Sec. 4, 72 PS Sec. 5101. Section 505 of the act (72 PS Sec. 5020-505) imposes upon the board the duty of determining whether the property "has been valued at a sum or price not less than the same would bring after full public notice at a public sale." In one of our most recent cases, *Hudson Coal Company's Appeal*, 327 Pa. 247, 193 A. 8, we said (p. 251): "This means nothing more or less than market value. We have defined market value as the price which a purchaser willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all uses to which the property is adapted and might in reason be applied."

We have had before us in recent years many cases involving the appraisal of real estate for the purpose of taxation. In all of them we have announced the same rule, that the appraised value of the property is to be fixed by the opinion of competent witnesses as to what the property is worth in the market at a fair sale: *Lehigh & Wilkes-Barre Coal Company's Assessment*, 298

Pa. 294, 148 A. 301; *Phila. & Reading Coal & Iron Co. v. Northumberland County Commissioners*, 323 Pa. 185, 186 A. 105; *Canopus Coal Company's Appeal*, 323 Pa. 209, 186 A. 119; *Lehigh Navigation Coal Company's Appeal*, 327 Pa. 327, 193 A. 50. This rule was met in the testimony of the witnesses called by the landowner, who stated what they regarded as the fair market value of the property, and in each instance their figure was less than the sum fixed by the assessor and by the board.

There being no competent proof before the court below to warrant the finding which it made, the finding must be set aside.

The decree of the court below is reversed and the assessment fixed by the Board of Assessment and Revision is reinstated. Costs to be paid by appellee.