## Chestnut Street Tax Assessment Case.

## Philadelphia Appeal.

Argued January 4, 1949. Before MAXEY, C. J., DREW, STERN, PATTERSON, STEARNE and JONES, JJ.

*Joseph H. Lieberman,* with him *Michael D. Hayes,* Assistant City Solicitor, and *Frank F. Truscott,* City Solicitor, for appellant.

*Joseph Whetstone,* with him *Townsend, Elliott & Munson,* for appellee.

Opinion by Mr. Justice Patterson, March 21, 1949:

The City of Philadelphia appeals from an order of the court below reducing a tax assessment.

The Real Estate Trust Building, located at the southeast corner of Broad and Chestnut Streets, Philadelphia, was assessed for the year 1947 at a valuation of $2,796,900, representing an increase of $125,800 over the assessed valuation for the previous year. This was based upon an assessment of $2,211,909 for the ground and $584,948 for the building. The owner, Western Saving Fund Society, appealed to the Board of Revision of Taxes to reduce the assessment, and on its refusal, filed a petition for review in the court below. After hearing, the trial judge reduced the assessment to $2,696,900. Exceptions filed by the City were dismissed by the court *en banc* and this appeal followed.

Appellee's expert witness, whose qualifications are admitted by the City, appraised the property at $2,256,000, giving the land a valuation of $1,854,000 and the building a valuation of $402,046. This valuation was arrived at by the witness, according to the evidence, "by considering the sale of the property itself, which

is recent enough to consider, and other comparable sales; reproduction cost less depreciation, and obsolescence; capitalization of income less operation; and the uniformity of assessments in the immediate neighborhood." The City's expert appraised the property at $2,893,500, valuing the land at $2,317,500 and the building at $576,000.

The sole question, according to the City, is the following: "In an appeal from a tax assessment, is it competent and admissible for an expert witness to express his opinion of value of the building assessed, on the basis of reproduction cost less depreciation and obsolescence?"

As stated in *General Electric Company v. City of Erie,* 110 Pa. Superior Ct. 206, 209, 168 A. 534: "It has been definitely ruled time and again that the reproduction cost of a building is not of controlling effect: Metropolitan Edison Co.'s Appeal, 307 Pa. 401, 161 A. 303; Pennsylvania Stave Company's Appeal, 236 Pa. 97, 84 A. 761." See also *Algon Realty Company Tax Assessment Appeal,* 329 Pa. 321, 322, 198 A. 49; *McSorley v. Avalon Borough School District,* 291 Pa. 252, 254, 139 A. 848. Under these decisions the evidence of appellee's expert would have to be disregarded if based on reproduction cost alone. The testimony of the witness reveals, however, that numerous other factors were taken into consideration, all of which have been recognized as properly to be taken into account in fixing the market value of the property.[1] This being the case the City has no standing to object that some consideration may have

---

[1] Capitalization of income: *Algon Realty Company Tax Assessment Appeal,* 329 Pa. 321, 323, 198 A. 49. Comparable sales: *Philadelphia & Reading Coal & Iron Company v. Northumberland County Commissioners,* 229 Pa. 460, 466, 79 A. 109; *Hart's Appeal,* 131 Pa. Superior Ct. 104, 111, 199 A. 225. Recent sale of the assessed property: *Kaemmerling's Appeal,* 282 Pa. 78, 127 A. 439; *Hickey's Appeal,* 326 Pa. 467, 192 A. 923; *Liebman v. Board of Revision of Taxes,* 355 Pa. 42, 48 A. 2d 866; Act of 1939, P. L. 1199, section 13, 53 PS 4805.13.

234

been given to reproduction cost less depreciation and obsolescence. As indicated in *McSorley v. Avalon Borough School District,* supra, at 264, the objection to reproduction cost arises out of the fact that replacement value will usually be greater than the value of the building as part of the property in its entirety and may be, and sometimes is, in excess of the market value of the property, including the building. Compare *Fisher Scientific Company Tax Assessment Case,* 360 Pa. 250, 61 A. 2d 857.

In tax assessment cases, the findings of the court below determining the value of the property will not be disturbed on appeal unless clear error is made to appear : *Felin v. Philadelphia,* 354 Pa. 317, 319, 47 A. 2d 227. Upon a review of the entire record we are not convinced that the court below committed such error. The findings establish that the building is outmoded as compared with other business structures in the vicinity, and the figure adopted exceeds by $496,000 the price at which the property had been recently sold.

Order affirmed at appellant's cost.