Park Drive Manor, Inc. Tax Assessment Case.

Argued November 19, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*Albert Rosenthal,* with him *Matthew K. Stevens, Edward Watson* and *William J. F. Bell,* for appellant.

*Harvey Levin,* Deputy City Solicitor, with him *Augustus R. Sigismondi,* Assistant City Solicitor and *Abraham L. Freedman,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 3, 1955:

The appeal is from a decree of the Court of Common Pleas No. 2, of Philadelphia County, affirming the assessment of the Board of Revision of Taxes. An apartment house known as Park Drive Manor, Inc., was assessed at $4,770,389.00. There is a finding of fact by the court that the fair market value of the premises at the time of the assessment was $4,770,389.00. Experts for the owner and City gave testimony upon which the findings of fact were based.

In *Bellevue-Stratford Company v. Philadelphia,* 366 Pa. 278, 77 A. 2d 604, this Court again stated the standard of valuation of real estate for tax purposes. On page 279, it is said: " 'Section 13 of the Act of June 27, 1939, P. L. 1199 (53 P.S. 4805.13) provides: "All property within the county now or hereinafter made taxable by law shall be valued and assessed by the assessors and by the Board at the *actual value thereof."* (Italics supplied.) "Actual value" as used in the foregoing section has been defined as nothing more or less than market value: Hudson Coal Company's Appeal,

327 Pa. 247, 251; Vollmer et al. v. Philadelphia, 350 Pa. 223, 227, 228. The same cases have defined market value as the price which a willing purchaser would pay for the property, taking into consideration all uses to which the property is adapted and might reasonably be applied.' "

In determining market value many factors may be relevant, including capitalized rental income, comparable sales, location of the property and condition of the buildings: *Metropolitan Edison Co.'s Appeal,* 307 Pa. 401, 161 A. 303; *Algon Realty Company Tax Assessment Appeal,* 329 Pa. 321, 198 A. 49; *Chestnut Street Tax Assessment Case,* 361 Pa. 231, 64 A. 2d 769. But all the elements considered must be directed to determining the value of the property in the market, a determination which is not controlled by any single factor and which is ultimately made on the basis of competent testimony as to what the property is worth in the market at a fair sale: *East Pennsylvania Railroad v. Hiester,* 40 Pa. 53; *American Academy of Music Appeal,* 321 Pa. 433, 184 A. 657; *Algon Realty Company Tax Assessment Appeal,* supra; *Chestnut Street Tax Assessment Case,* supra; *Berkley v. Jeannette,* 373 Pa. 376, 96 A. 2d 118.

The market valuation of the property in this case was established prima facie when the assessment record of the Board of Revision of Taxes was introduced in evidence in the court below. The burden was then on the appellant to show by the weight of the evidence that the valuation was unjust, inequitable and not made on a proper legal basis: *Philadelphia & Reading Coal & Iron Company v. Northumberland County Commissioners,* 229 Pa. 460, 468, 79 A. 109.

The court of common pleas is the fact finding body in a tax assessment appeal. The principle is clear that the findings of the court of common pleas have great

force and will not be set aside by this Court unless clear error is made to appear: *Westbury Apartments, Inc., Appeal,* 314 Pa. 130, 170 A. 267; *American Academy of Music Appeal,* supra; *Chestnut Street Tax Assessment Case,* supra; *McConomy Tax Assessment Case,* 156 Pa. Superior Ct. 264, 267, 40 A. 2d 99. Nor will the appellate Court disturb the findings and substitute its judgment for that of the court of common pleas, because it is clear that market value is a factual question to be determined by the trial court on the basis of expert testimony.

We have read and considered the evidence. The findings of fact of the court below are amply supported.

The decree is affirmed at the cost of appellant.