Flamingo Apartments, Inc., Appellant, *v.* Board of Revision of Taxes.

Argued September 29, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*William T. Coleman, Jr.,* with him *Marcus Manoff,* and *Dilworth, Paxson, Kalish & Green,* for appellant.

*Herbert M. Linsenberg,* Assistant City Solicitor, with him *Augustus R. Sigismondi,* Assistant City Solicitor, *Jerome J. Shestack,* First Deputy City Solicitor,

and *Abraham L. Freedman,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE ARNOLD, November 17, 1955:

Plaintiff appeals from the decree of the court below, which sustained the action of the Board of Revision of Taxes in fixing the assessment of its apartment building for tax purposes.

Both the plaintiff and the city presented the testimony of experts to fix the market value of the premises, which is the basis for the amount at which properties are to be assessed. The Board, and the court below, accepted the declaration of value set by the city's expert.

Plaintiff's contentions on this appeal seeking a new trial are that the court below erred in the exclusion of certain evidence offered by it to establish value, to wit: (1) evidence of actual net income and the maximum possible earning capacity of the building; (2) evidence of the effect on its market value of the requisite that it be rented on a racially integrated basis; and (3) evidence of non-uniformity of assessments.

The Act of 1939, P. L. 1199, 53 PS §4805.13, requires that all property in Philadelphia County "shall be valued and assessed by the assessors and by the board at the actual value thereof." We have held that actual value is market value: *Vollmer v. Philadelphia,* 350 Pa. 223, 228, 38 A. 2d 266. "We have defined market value as the price which a purchaser willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all uses to which the property is adapted and might in reason be applied:" *Hudson Coal Company's Appeal,* 327 Pa. 247, 251, 193 A. 8. In *Park Drive Manor, Inc. Tax Assessment Case,* 380 Pa. 134, 110 A. 2d 392, this Court stated at page 136: "In determining market value many factors may be relevant, including capitalized rental income, com-

parable sales, location of the property and condition of the buildings . . . But all the elements considered must be directed to determining the value of the property in the market, a determination which is not controlled by any single factor and which is ultimately made on the basis of competent testimony as to what the property is worth in the market at a fair sale."

## I.

In the instant case, after plaintiff's expert had testified as to market value, he was then asked concerning the manner in which he had determined the building's earning capacity in fixing fair value. The city's objection to this question was sustained. On further examination he was asked whether he considered the return to be such an amount as a "prospective investor in that type of property would insist upon," and the city's objection thereto was likewise sustained. As the evidence shows, however, plaintiff was permitted to present such testimony through its president and owner of 90% of its stock. The court at that point ruled that plaintiff "can offer a witness to prove that it is not possible to rent the apartments for more than so much per room"; and plaintiff then proceeded with examination of the witness in that respect. Any error in the original ruling, if it was error, was cured.

## II.

Plaintiff next contends that the court below failed properly to consider the effect upon value of the F.H.A. mortgage provisions because of their enforced limitation upon the amount of rentals that could be charged. Admittedly, plaintiff voluntarily submitted to the limitation upon rent; and it must also be recognized that it can be relieved of its effects by the mere device of paying the mortgage indebtedness, by re-financing or otherwise, and that any purchaser of the property can do the same. Moreover, the record shows that the court

considered it as an element affecting income, which is as far as it need go. It does not in itself constitute a determining factor to fix market value. The plaintiff testified to its existence and effect; it was before the court, and was considered by it.

### III.

Non-uniformity of tax assessments, as plaintiff contends, is a factor to be considered, but the burden was upon it to establish the same. The only evidence of non-uniformity,—offered by the city, not by the plaintiff,—was a table showing as to this property and five other F.H.A. financed apartment houses, the construction cost of each, the tax assessment of each, and a comparison of the two figures reduced to a percentage. The table did not attempt to consider other factors entering into valuation, such as size, design, income, or other sales in the locality. That the court did refer to it is readily revealed by the record.

The evidence on value was conflicting, thus the determination was for the court below; and its determination, supported by competent evidence, cannot be interfered with on appeal, there being no abuse of discretion: *Chestnut Street Tax Assessment Case,* 361 Pa. 231, 234, 64 A. 2d 769; *Park Drive Manor, Inc. Tax Assessment Case,* 380 Pa. 134, 136, 137, 110 A. 2d 392.

Decree affirmed at appellant's costs.