Brooks Building Tax Assessment Case.

Argued November 13, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Max Rosenn*, with him *Rosenn, Jenkins & Greenwald*, for appellant.

*Peter Paul Olszewski*, City Solicitor, with him *Albert H. Ashton*, for appellee.

OPINION BY MR. JUSTICE BELL, January 6, 1958:

This appeal involves the just assessment of the premises known as the Brooks Building in Wilkes-Barre, Pennsylvania, for the taxable year 1955. The building was purchased on December 30, 1953, for $225,000. The testimony as to market value varied considerably, as it usually does in these cases, the lowest being $175,000 and the highest being $225,000. The highest value was fixed by the sole witness for the City, whose testimony the Court below found "is of no value because it is not in accordance with the requirement of the law." Judge PINOLA in a very able opinion said:

"2. For purpose of taxation by the city, these premises were assessed for the year 1955 at $11,979 for land and $195,000 for building, making a total of $206,979.

"3. The actual or market value of the premises in question is $225,000.

"4. The assessed value is 91.9% of the market value.

"5. No pre-determined ratio of assessed value to actual value for the year 1955 is available nor was any proven. . . .

"The Third Class City Code, 1931, P.L. 932, as amended, (53 P.S. Sec. 12198-2504, 1955 pp.) provides that: 'In all cases he (the assessor) shall value, or cause to be valued, the property at the actual value thereof. In arriving at such value the price for which any property would separately bona fide sell, or the price at which any property may bona fide actually have been sold, shall be considered, but shall not be con-

trolling. Instead such selling price, estimated or actual, shall be subject to revision by increase or decrease *to accomplish equalization with other similar property** within the taxing district . . .' . . .

· "The term 'actual value' means 'market value': Park Drive Manor, Inc., Tax Assessment Case, 380 Pa. 134; Flamingo Apartments, Inc., v. Board of Revision of Taxes, 383 Pa. 223.

"And market value has been defined as the price which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all uses to which the property is adapted and might in reason be applied: Lehigh & Wilkes-Barre Coal Company's Assessment, 298 Pa. 294, 300, 148 A. 301.** . . .

" 'There is a presumption that the assessor in this case performed his duty and that in compliance with the law, assessed the land at its full "actual value." . . .'

"While the contention of the appellant is that the assessment exceeded actual value and that it violates the requirement of uniformity, he did not undertake to show that the assessments *generally throughout the city* were computed on the basis of ratio to actual value. Moreover, there is no evidence that the assessor used a percentage of actual value as the basis for assessments.

"Our Superior Court has held that if the testimony is insufficient to establish that a ratio of assessed value to actual value was applied generally throughout the district, actual value is conclusive: Allentown's Appeals [147 Pa. Superior Ct.], page 388.

"This rule places a most unusual and a very heavy burden on any appellant, and as the court pointed

---

* Italics throughout, ours.

** This definition was reiterated in *Flamingo Apartments, Inc. v. Board of Revision of Taxes*, 383 Pa., supra.

out in Harleigh Realty Co.'s Case, 299 Pa. 385, to require a property owner to show the value of every other property in the district would lead to multiplicity of issues and throw an undue burden on the owner. In fact, 'to put upon a property owner challenging an assessment such a burdensome and expensive method of asserting his rights would amount to a denial of justice.' . . .

"So, in spite of protest, the law still places upon the appellant an unfair and unjust burden which actually amounts to a denial of justice. The witnesses for the appellant who made comparisons with three of the four similar buildings in the city came up with ratios of assessments to market value varying from a low 40.2% to a high of 57.2%. When the appellant's property is assessed at 91.9%, the injustice is at once apparent. . . .

"The appellant is certainly entitled to relief, but we regret exceedingly that we cannot be of help."

The reason the Court below concluded it could not help was because it believed that the Superior Court had decided that the burden was upon the taxpayer to prove that a *fixed* ratio of assessed value to actual value was applied *generally* throughout the district, and in the absence of such proof actual value is conclusive. In other words, if an assessor, without actual fraud, negligently, foolishly or capriciously assessed some properties at 10% of actual value, other similar properties at 20%, other similar properties at 50%, others at 75%, and plaintiff's at 90%, it would be unjust and ridiculous to hold that since there was no fixed ratio of assessed value to actual value *generally* throughout the district, plaintiff failed to prove a lack or violation of uniformity which the Constitution requires.

The contentions of appellant and of appellees are fully answered in *Hammermill Paper Company v. Erie,* 372 Pa. 85, 92 A. 2d 422, where the Court said, inter alia (p. 91-92):

". . . Furthermore, Article IX, §1 of the Constitution of Pennsylvania provides: 'All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the taxes, and shall be levied and collected under general laws . . .' 'This means', we said in Allentown School District Mercantile Tax Case, 370 Pa. 161, 87 A. 2d 480, 'that the classification by the legislative body must be reasonable and the tax must be applied with uniformity upon similar kinds of business or property and with substantial equality of the tax burden to all members of the same class: Commonwealth v. Girard Life Insurance Co., 305 Pa. 558, 158 A. 262; Knisely v. Cotterel, 196 Pa. 614, 46 A. 861; Dufour v. Maize, 358 Pa. 309, 56 A. 2d 675; Commonwealth v. McCarthy, 332 Pa. 465, 3 A. 2d 267; Dole v. Philadelphia, 337 Pa. 375, 11 A. 2d 163.' '. . . the valuation should be based as nearly as practicable upon market value . . . A tax to be uniform must operate alike on the classes of things or property subject to it': Commonwealth v. Overholt & Co., 331 Pa. 182, 189, 191, 200 A. 849. Each property should be assessed at its fair market value; it cannot be assessed at more than its fair market value or higher than the percentage of value uniformly fixed throughout the taxing district, nor can there be an intentional or systematic under-valuation of like or similar properties: Cumberland Coal Co. v. Board of Revision of Tax Assessments, 284 U.S. 23, 28. . . .

"In John Wanamaker, Philadelphia, Appeal, 360 Pa. 638, 642, 646, 647, 63 A. 2d 349, it was said: 'The burden was upon the [property owner] to show by the

weight of the credible evidence that the valuation by the Board of Revision of Taxes was not on a proper legal basis, in that it was excessive, or unjust, inequitable *or not uniform in comparison with other [similar] real estate in the district.* . . . In Lehigh & Wilkes-Barre Coal Co.'s Assessment, 225 Pa. 272, ELKIN, J., stated at page 276:

" ' "The orderly method . . . is to offer in evidence the assessment of record . . ., as approved by the board of revision, . . . This makes out a prima facie case showing the validity of the assessment. The complaining real estate owner then has the laboring oar to show by the weight of the evidence that he has been aggrieved by the valuation so fixed . . ." . . .' . . .

"Was the Assessor's valuation and assessment valid and constitutional? It has long been recognized that actual or fair market value of property is ofttimes, like taxation, not a matter of exact science or capable of mathematical accuracy; and that because of the nature of the property or of practical conditions and difficulties, perfect uniformity and absolute equality can at times not be attained. Cf. Allentown School District Mercantile Tax Case, 370 Pa. 161, 170, 87 A. 2d 480; Commonwealth v. Overholt and Co., 331 Pa. 182, 192, 200 A. 849; Colgate v. Harvey State Tax Commissioner, 296 U.S. 404, 422. . . .

". . .The city contends that since the assessment of appellee's property is admittedly less than the market value thereof, there cannot be a lack or violation of uniformity, and the taxpayer . . . has no standing to complain since he has not been injured. This contention is without merit. Exactly the same contention was made and rejected in Cumberland Coal Co. v. Board of Revision of Tax Assessments in Greene County, 284 U.S. 23. . . . [In that case the Court said, inter alia, (page 28-29)] 'In Sioux City Bridge

Co. v. Dakota County, supra (at p. 446), this Court, referring to the dilemma presented by a case where one or a few of a class of taxpayers are assessed at one hundred per cent. of the value of their property pursuant to statutory requirement and the rest of the class are intentionally assessed at a lower percentage, stated the rule to be as follows: "This Court holds that the right of the taxpayer whose property alone is taxed at 100 per cent. of its true value is to have his assessment reduced to the percentage of that value at which others are taxed even though this is a departure from the requirement of statute. The conclusion is based on the principle that *where it is impossible to secure both the standard of the true value, and the uniformity and equality required by law, the latter requirement is to be preferred as the just and ultimate purpose of the law.*'"

The taxpayer has satisfied his burden of proof by evidence of the market value of his property and of similar properties of the same nature in the neighborhood and by proving the assessments of each of these properties and the ratio of assessed value to actual or market value. The City's first contention that appellant's assessment cannot be changed unless it exceeds the market value is utterly devoid of merit. The City's second contention that appellant's assessment cannot be changed and reduced unless he proves that a *uniform* ratio of assessed value to actual value has been applied *generally* thorughout the entire district is likewise erroneous.

In *Harleigh Realty Company's Case,* 299 Pa., supra, the Court said (page 389-390) : "It is urged that if the assessment does not exceed the actual value of the property as fixed by the court below from the testimony of the experts on both sides, the property owner should then be required to produce testimony

as to the value of other properties throughout the district, . . . If this procedure were to be adopted, each property owner appealing would have to revalue *every other* property in the district. To put upon a property owner challenging an assessment such a burdensome and expensive method of asserting his rights would amount to a denial of justice."

Because of the varying values and ratios fixed by the witnesses, we deem it wise not to attempt to fix the assessment in this Court.

The decree is reversed and the case is remanded to the Court below with directions to make an assessment consistent with this opinion. Costs to be paid by appellee.