## 1958 Assessment of Glen Alden Corp.

*Franklin B. Gelder, James P. Harris, Thomas V. Lefevre* and *Morgan, Lewis & Bockius,* for appellant.

*Arthur H. James, John E. Morris, Jr., Joseph F. Gallagher* and *Thomas E. Brislin,* for appellee.

APONICK, P. J., June 30, 1958.—The Glen Alden Corporation filed petitions and appeals from assessments and valuations of its coal lands for the year 1958 in 14 municipal subdivisions of the county. The Lehigh and Wilkes-Barre Coal Company, an affiliated corporation, filed appeals from assessments in four subdivisions. These 18 appeals all present the same question.

During the pendency of the cases, appellants served on the board for the assessment and revision of taxes, hereinafter referred to as the board, written interrogatories in each of the 18 appeals. These interrogatories were served under rule 4007 (a) of the Pennsylvania Rules of Civil Procedure. The board filed written objections to the interrogatories and a rule was granted upon appellants to show cause why the board should not be relieved from answering them. This rule was returnable to argument court and is the matter now before us. As the interrogatories are identical in all the appeals, it was agreed by counsel that our decision in this case will apply to all of the other 17 cases.

Interrogatories 1, 2 and 3 request information as to whether the coal in each tract of land in the municipal subdivision was separately assessed or whether it was merely included in a total valuation, as set forth in the plates in the assessors' office. In each municipality, separate plates were made for each parcel, showing whether it included coal only, or coal and surface and stating the quantity of each. Then one or more master plates were prepared showing the total in each classification, placing a value per acre and a total value. Therefore, the information sought in the first three interrogatories is a matter of public record and we think that the board should not be required to answer them.

Interrogatories 4 to 12, inclusive, request information as to the quantities of coal remaining in the possession and under the control of appellants and whether

certain types of credits were given in fixing the valuation. Any information relating to the coal remaining in certain tracts is better known to appellants than to the board. The exact number of acres assessed is stated in the assessment books and if it is incorrect, appellants can produce testimony to that effect.

At the argument, counsel for appellants admitted that they had the information requested but stated that they wished it put in the form of answers to interrogatories as a means of proof at the trial. We think this reason is insufficient because appellants have another method of proving the same facts which is less vexatious.

A full understanding of the inconsistency of appellants requesting this information can only be gained from a knowledge of how coal assessments have been made in this county for a number of years. They were arrived at by agreement between the board and the engineers of the coal companies and based upon figures furnished by the company engineers. See opinion of Judge Lewis in Assessment and Valuation for the year 1956, 46 Luz. 189. To require the board to prepare all of this data and give it to appellants, when it is already in their possession, would be a work of supererogation and would cause unreasonable annoyance, embarrassment, expense and oppression in violation of rule 4011(b). These interrogatories need not be answered.

Interrogatories 13, 14 and 15 request information as to whether the valuation was based upon actual or market value, what ratios were used in assessing other real estate in Luzerne County and whether the same ratio was used in all cases. This is not a proper method of fixing valuation for tax purposes and has been rendered unnecessary by a recent decision of the Supreme Court: Brooks Building Tax Assessment Case,

391 Pa. 94. As appellants do not need this information, the board should not be required to supply it.

Interrogatories 16 and 17 request information as to whether the assessed valuations correspond with the findings of the State Tax Equalization Board. Whether they do or not is immaterial and such evidence would be inadmissible at the trial: In Re Assessment of Williams, 41 Luz. 143. The State Tax Equalization Board was formed for an entirely different purpose than the board for the assessment and revision of taxes in the county and under section 17 of the act creating it, its findings can in no way affect local assessments. These interrogatories, therefore, need not be answered.

As it has been agreed that this decision is to apply to all of the pending appeals, if counsel wish to make it a matter of record, orders in conformity with this opinion, in each case, will be entered upon presentation.

Accordingly, the objections to the written interrogatories of Glen Alden Corporation in the above appeal are sustained and the board is relieved from answering the same.