Buhl Foundation, Appellant, *v.* Board of Property Assessment, Appeals and Review.

Argued March 20, 1962. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen and O'Brien, JJ.

*Frank W. Ittel*, with him *A. Sieber Hollinger*, and *Reed, Smith, Shaw & McClay*, for plaintiff, appellant.

*James Victor Voss*, Assistant County Solicitor, with him *Francis A. Barry*, First Assistant County Solicitor, and *Maurice Louik*, County Solicitor, for defendant, appellee.

*Lloyd F. Engle, Jr.*, with him *Wilner, Wilner and Kuhn*, for intervenor.

OPINION BY MR. JUSTICE EAGEN, May 21, 1962:

This appeal is from an order of the court below sustaining a triennial real estate tax assessment. The property involved is a private housing development in the nineteenth ward of the city of Pittsburgh, known as Chatham Village.

The Buhl Foundation was the original developer and continued in ownership until November 1, 1960, when it sold its interest to the intervening appellant, Chatham Village Homes, Inc. The assessment appealed from involves only that levied against the buildings; the land assessment is not in litigation.

The property comprises approximately forty-five acres of land, sixteen acres of which are used for structures, four acres for recreational facilities and there are twenty-five acres of woodland. It includes one hundred and ninety-seven dwelling units, one hundred and twenty-nine of which were constructed in the year 1931, sixty-eight units in 1934.

The assessment of the entire property was increased for the triennial years of 1957-1958-1959, from $911,450 to $1,282,360. All of this increase was on the buildings which were raised in valuation from $674,610 to $1,043,720, or fifty-five per cent.

Appellant argues that the assessment exceeds the fair market value of the property and is not uniform with other assessments.

At the hearing in the court below, the tax assessment records were offered in evidence. This made out a prima facie case showing the validity of the assessment: *Lehigh and Wilkes Barre Coal Company's Assessment*, 225 Pa. 272, 74 Atl. 65 (1909); *Westbury Apartments, Inc. Appeal*, 314 Pa. 130, 170 Atl. 267 (1934); *Chatfield v. Board of Rev. of Taxes*, 346 Pa. 159, 29 A. 2d 685 (1943). The complaining real estate owner then had the laboring oar to show by the weight of the evidence that it had been aggrieved by the

valuation so fixed: *Washington County v. Marquis,* 233 Pa. 552, 82 Atl. 756 (1912); *Hammermill Paper Co. v. Erie,* 372 Pa. 85, 92 A. 2d 422 (1952).

The landowner called as its witness the chief building appraiser of the Board of Property Assessment of Allegheny County, the individual who made the assessment for the board. He testified that he considered several factors in arriving at his conclusion as to the value of the buildings involved, but an analysis of his testimony makes it clear that the major and basic factor used was depreciated reproduction costs. This was error.

In Allegheny County, real estate is required to be assessed according to the actual value thereof: Act of May 22, 1933, P.L. 853, §402, as amended by the Act of May 16, 1939, P.L. 143, §1, 72 PS §5020-402. See also, *Park Tax Assessment Case,* 350 Pa. 421, 39 A. 2d 601 (1944). This, of course, is subordinate to the constitutional requirement of uniformity: *Delaware, L. & W. R. R. Co.'s Tax Assessment (No. 1),* 224 Pa. 240, 73 Atl. 429 (1909); *Brooks Building Tax Assessment Case,* 391 Pa. 94, 137 A. 2d 273 (1958). " 'The term "actual value" means "market value" (citing cases). And market value has been defined as the price which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all uses to which the property is adapted and might in reason be applied' ": *Brooks Building Tax Assessment Case,* supra, at 97.

The actual or fair market value, while not easily ascertained, is fixed by the opinions of competent witnesses as to what the property is worth on the market at a fair sale: *Algon Realty Co. Tax Assessment Appeal,* 329 Pa. 321, 198 Atl. 49 (1938). Many factors should be taken into acount by the expert witness in arriving at his estimate of value. See, *Traylor v. Allentown,* 378 Pa. 489, 494, 106 A. 2d 577 (1954).

However, as pointed out in that decision, reproduction cost is not one of them. In fact, reproduction cost has no probative value for any purpose in fixing the fair market value of improved real estate for tax purposes: *Metropolitan Edison Co's Appeal,* 307 Pa. 401, 161 A. 2d 303 (1932). Accord, *McSorley v. Avalon Boro. School Dist.,* 291 Pa. 252, 139 Atl. 848 (1927); *Algon Realty Co. Tax Assessment Appeal,* supra.

Since an improper factor was admittedly used in computing the assessment, the presumed validity thereof was overcome. Further, since the only evidence offered in support of the assessment as made was this estimate based upon improper considerations, the finding of value of the court below, sustaining the assessment, cannot stand. The finding of value by the trial court must be supported by competent evidence. See, *Algon Realty Co. Tax Assessment Appeal,* supra.

Since we will remand this case for further action that the lower court deems proper, brief discussion of the application of the rule of uniformity is indicated.

It is clear from the present record that the development involved is unique as to size, make-up and planning. Under such circumstances, comparison with identical properties for the purpose of ascertaining the ratio of assessed value to market value is difficult, if not impossible. The landowner herein offered evidence as to the market value of other housing developments and the ratio of the assessments thereon. The lower court found that these properties were not comparable and considered the evidence valueless. We just wish to note for the guidance of the trial court in the further consideration of this case that what the law requires is uniformity in the taxation of real estate as a class: *Delaware, L. & W. R. R. Co's Tax Assessment (No. 1),* supra; *Harleigh Realty Co. Case,* 299 Pa. 385, 149 Atl. 653 (1930). To be comparable, for this purpose, the properties need not be identical; nor need

they necessarily be located in the same immediate neighborhood.

Order reversed. The record is remanded to the lower court for any further proceedings it deems proper to effectuate a just and equitable result. Each side to bear own costs.