## Valley Forge Golf Club, Inc. Tax Appeal.

Argued October 5, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Desmond J. McTighe,* with him *Philip D. Weiss, McTighe, Koch, Brown and Weiss,* for appellant.

*Anthony A. Giangiulip,* Solicitor, for Board for the Assessment and Revision of Taxes of Montgomery County, appellee.

*Anthony L. Differ,* Solicitor, for Upper Merion School District, Intervenor.

*James E. Meneses,* Solicitor, for Upper Merion Township, Intervenor.

*Robert B. Reynolds,* Solicitor, for Montgomery County.

OPINION BY JUDGE ROGERS, December 16, 1971:

Valley Forge Golf Club, Inc. (Valley Forge) owns 135.7 acres of land at King of Prussia, Upper Merion Township, Montgomery County. This land, located near the junction of the Pennsylvania Turnpike and the Schuylkill Expressway, is also close to the King of Prussia Industrial Park, the King of Prussia Shopping Center and the site of the northern terminus of the Blue Route, a multi-lane highway which, when completed, will provide fast and convenient travel through densely settled suburban areas from King of Prussia to the Delaware River south of Philadelphia. The tract in question was improved as a golf course many years ago and Valley Forge has used it as a public course since prior to 1964. In 1966, the property was assessed for local tax purposes at $143,000 based upon an actual value of $429,000.[1] In 1966, the Board for the Assessment and Revision of Taxes increased its assessment to $525,400, arrived at by applying the ratio of one-

_____

[1] The parties agree that the ratio of assessed value to actual value used generally in Montgomery County was one-third.

third to a determination of an actual value of $1,576,-200. Valley Forge filed timely appeals from its assessment for the years 1967 and 1969, apparently neglecting to appeal for 1968.

The Court of Common Pleas of Montgomery County, after two days of hearings, found that the actual value of the premises at both 1967 and 1969 was $2,250,000 and, applying the one-third ratio, fixed the assessment for both years at $750,000. From this order Valley Forge has taken these appeals, which we will dispose of together.

The appellant neither below nor here has contended that the actual value of its property was less than $1,-576,200. Its appeals are based entirely upon the asserted lack of uniformity of its assessment with the assessment of other golf courses in Montgomery County. It sought to show such lack of uniformity by the testimony of the supervising assessor of the Board of Assessment and Revision of Taxes and the assessment records of a number of golf courses in the county. This evidence tended to show that the assessing authorities in respect of eleven (11) (including Valley Forge) of the forty-four (44) golf courses in the county, determined the actual value of properties used as golf courses in the following fashion: (1) by multiplying the number of acres by a per acre value; (2) by adding to the amount thus arrived at, the product of the number of holes times a per hole value; and (3) by adding to the sum of the first two calculations a value for buildings. In the case of seven of the 11 examples a per acre value of $3,000 was used; in the case of the remaining four, the figures used were $300, $3,500, a medley of $1,000 and $2,000, and in the case of Valley Forge, $10,000 per acre. Six of the 11 examples were assigned a per hole value of $5,000; one $3,000; two, of which one was Valley Forge, $6,000; and two were given no per hole value whatsoever. The record is silent as to how the

value of buildings was arrived at in any case or the methods used in fixing the actual value of the other 33 golf courses in the county. The appellant produced no evidence independent of the assessment records of the actual value of any of the golf courses used by it as comparisons, so that there is nothing on this record to indicate that any of these other properties were worth more than the amounts fixed as actual value by the assessing authorities. The School District and Township, which intervened below, produced expert testimony that the actual value of Valley Forge's property was $2,250,000 in 1967 and $2,625,000 in 1969.

The Court below held that the appellant had on its showing failed to prove want of uniformity in the assessments of its property and that the assessment for both years should be fixed at one-third of the property's actual value which it found to be $2,250,000, based upon the evidence produced by the School District and Township. We agree on both counts.

The Supreme Court of Pennsylvania has dealt exhaustively with the subject of the assessment of real estate particularly as affected by the uniformity clause of the Pennsylvania Constitution, now Article 8, Section 1, requiring that "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the Authority levying the tax, and should be levied and collected under general laws." The principles here pertinent, succinctly stated, with their authorities are:

1. Objects of local taxation in Third Class Counties must be assessed, rated and valued according to the actual value thereof.[2] Actual value means market

---

[2] By Article IV, Section 402 of The General County Assessment Law, Act of May 22, 1933, P. L. 853, 72 P.S. §5020-402. The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P. L. 571, 72 P.S. §5453.101 requires valuation at actual value but assessment at a predetermined ratio thereof not exceeding 75 percent. §602, P.S. §5453.602.

value. *Park Drive Manor, Inc., Tax Assessment Case,* 380 Pa. 134, 110 A. 2d 392 (1955). Market value is the price which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all uses to which the property is adapted and might in reason be applied. *Brook Building Tax Assessment Case,* 391 Pa. 94, 137 A. 2d 273 (1958).

2. The assessors may not for assessment purposes value property in excess of its market value because the statute has fixed market value as the standard to be applied. *Hammermill Paper Company v. Erie,* 372 Pa. 85, 92 A. 2d 422 (1952). However, the mere fact that a property is assessed at or below actual value is not conclusive of the validity of the assessment. It must be uniform as the Constitution requires. *Harleigh Realty Company's Case,* 299 Pa. 385, 149 A. 653 (1930).

3. As between the standard of actual value and the standard of uniformity, uniformity must prevail. *Buhl Foundation v. Board of Property Assessments,* 407 Pa. 567, 180 A. 2d 900 (1962).

4. Where assessors have applied a fixed ratio of assessed to actual value throughout the district, the owner is entitled to have this ratio applied to the actual value of his property. *Deitch Company v. Board of Property Assessment,* 417 Pa. 213, 209 A. 2d 397 (1965). Where no such fixed ratio has been applied and the evidence indicates that ratios vary, an average of such ratios might be acceptable as the common level to be applied in determining the proper assessment on appeal. *Deitch v. Board of Property Assessment, supra; Massachusetts Mutual Life Insurance Company Tax Assessment Case,* 426 Pa. 566, 235 A. 2d 790 (1967) ; *Federal Cold Storage Company Tax Assessment Case,* 426 Pa. 573, 235 A. 2d 800 (1967) ; *Crescent Realty & Investment Company Tax Assessment Case,* 426 Pa. 575, 235 A. 2d 799 (1967).

5. A property owner claiming that his assessment is not uniform may carry his burden of proof by a showing that a lower ratio of assessment to actual value has been applied to similar properties. *Brooks Building Tax Assessment Case, supra; McKnight Shopping Center, Inc. v. Board of Property Assessment,* 417 Pa. 234, 209 A. 2d 389 (1965). In *McKnight,* the Supreme Court held that the trial court had improperly rejected evidence of the actual value and assessments of other shopping centers offered in proof of the alleged over-assessment of the shopping center in question. The taxpayer is not required to prove that a ratio different from that applied to his property has been employed in the assessment of all other properties in the taxing district. *Harleigh Realty Company's Case, supra.* Compare *Rick Appeal,* 402 Pa. 209, 167 A. 2d 261 (1961), where it was held that the property owner had not met his burden of proving that his home had been unconstitutionally assessed by proving that some properties bore a lower ratio than his, where the evidence also showed that homes located on the same street as the appellant's were assessed at an average of market value in excess of his final assessment.

Hence, in this case Valley Forge properly set about to prove lack of uniformity in its assessment by directing the court's attention to the assessment of other golf courses located in Montgomery County. It did not, however, pursue the inquiry to the point required by the law. It failed to prove that the actual value of any of the other assertedly similar properties was different from that found by the assessors. The absence of such proof rendered impossible a determination that the assessments of these other golf courses were at a ratio of assessed to actual value different from the admitted standard of one-third. Indeed, in neglecting to prove that the assessors' market values were wrong, the appellant failed to provide a basis for concluding other than

that the methods employed by the board in the case of some golf courses, however bizarre, resulted in fair determinations of values.

Appellant's argument that its assessment was not uniformly fixed because per hole and per acre values have been assigned to its golf course different from those applied in the assessment of other courses, fails on the principle that real estate is not subject to sub-classification for assessment purposes. *Lower Merion Township v. Madway,* 427 Pa. 128, 233 A. 2d 273 (1967). Real estate *is* the class and all real estate must be assessed uniformly based upon actual values. Indeed, to apply a uniform per acre value to all golf courses, regardless of location, topography, and other matters affecting value, would ensure lack of uniformity. Moreover, this record does not show that the per acre values used in arriving at the market values of the other golf courses were lower than the actual per acre values.

In summary, the appellant's property should be assessed at the same ratio of assessed to market value as were other properties in the county. Appellant might have carried its burden of showing that its assessment was not uniform by showing that other similar properties, that is, other golf courses, were assessed at a lower ratio than was applied in its case. It was not required to carry the impossible burden of showing that some lower ratio was applied generally throughout the county. However, not having supplied evidence of the market value of other golf courses, it has not proved that the ratio employed in those instances was different from the standard applied to its property.

The able presentation of counsel for the appellant, including photographs and tables, impel us to remark that the assessment of golf courses in Montgomery County has been less than scientific. In this connection, we note that a real estate assessment for purposes of taxa-

tion for one year is not *res judicata* of the property's fair market value for assessment purposes for a succeeding year. *Rieck Ice Cream Company's Appeal,* 417 Pa. 249, 209 A. 2d 383 (1965). This principle would extend certainly to the validity of the assessment generally. Here the astute and experienced solicitor of Montgomery County has joined in appellee's brief which expresses disapproval of the methods employed in appraising some of the county's golf courses; a reexamination of market values of golf courses in Montgomery County by the assessing authorities may correct appellant's possibly justified, but here unproved, complaint that it has not received even treatment.

The School District and Township adduced expert testimony as to the market value of appellant's property. Because its case was based upon asserted lack of uniformity, appellant presented no valuation evidence, except the testimony of a golf course builder who stated that other courses were better as golf courses than the appellant's. The trial court determined the market value of Valley Forge's property and employing the ratio generally used in the county, fixed the assessment in an amount higher than that appealed from. The appellant contends, upon reasoning difficult to follow, that the court should not have increased its assessment. Section 9 of The Third Class County Assessment Law, Act of June 26, 1931, P. L. 1379, 72 P.S. §5350, clearly states the court's duty to be to "determine from the evidence submitted at the hearing, what ratio of assessed value to actual value was used generally in the taxing district and the court shall direct the application of the ratio so found to the value of the property which is the subject matter of the appeal and such shall be the assessment." Case law has established that the proceedings before the court below are de novo and that it is the court's duty (1) to decide on the basis of the competent, credible and relevant evidence

what the market value of the subject property is (2) to determine the ratio used in the district and (3) to direct the application of that ratio to the value thus found. In *Appeal of Pennsylvania Company*, 282 Pa. 69, 73, 127 A. 441, 442 (1925), the court wrote: "At the hearing, the assessment, as made, was presented, and thus a prima facie case was established. The proceedings before the court on review are de novo . . . and the fairness of the valuation is assumed. In the absence of competent testimony to show its incorrectness, or that the action of the board was arbitrary, and in disregard of the owner's rights, it is conclusive, yet when such evidence is produced, it cannot be overlooked. If the testimony offered is sufficient, and the witnesses giving it are credible, the prima facie case, made out by the production of the assessment rolls, fails, and it becomes the duty of the court to revalue the property according to the market value shown." The local taxing bodies here intervened below, as by statute they were empowered to do. Section 18 of the Third Class County Assessment Law, Act of June 26, 1931, P. L. 1379, as supplemented and amended, 72 P.S. §5350(i). As parties they were entitled to present evidence in their own behalf, including evidence supportive of an assessment higher than that appealed from.

The order of the court below is affirmed.

---

CONCURRING AND DISSENTING OPINION BY JUDGE KRAMER:

I concur with the result of the majority as it applies to the assessment of the land and the golf "holes"; but I must dissent insofar as it applies to the assessment on the buildings.

I agree with the majority's analysis of the applicable law; however, upon applying the five enumerated principles as set forth in the majority opinion to the evidence in this record, I conclude that there is no rational

basis for assessing Valley Forge Golf Club's clubhouse at $111,210.00.

A review of the photographs in the printed record together with an analysis of the statistics on Exhibit A-7 proves to me beyond a shadow of a doubt that this clubhouse has been unreasonably over-assessed. This property owner has more than adequately proven that there is a higher ratio of assessment to actual value when applied to similar properties.

I would reverse the court below and the board on the assessment valuation as it applies to the building.

Judge CRUMLISH, JR., joins in this opinion.