In Re: Appeal of Leonard Marx From Triennial Assessment of 1975-1976-1977 of Property Designated as Block 1-H-244, Second Ward, City of Pittsburgh *v.* Board of Property Assessment, Appeals & Review of Allegheny County. City of Pittsburgh, Appellant.

Argued May 3, 1977, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson,

Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate in the decision.

D. R. Pellegrini, Assistant City Solicitor, with him Mead J. Mulvihill, Jr., City Solicitor, for appellant.

Robert A. Jarvis, with him Thomas F. Lamb, Raymond W. Cromer, and Beck, McGinnis & Jarvis, for appellee.

William J. Fahey, for Board of Property Assessment, Appeals and Review.

Opinion by Judge Crumlish, Jr., August 31, 1977:

The City of Pittsburgh (Appellant) appeals the decision of the court of common pleas which reduced the assessed value of certain property owned by Leon-

ard Marx (Appellee) designated as block 1-h-244, Second Ward, City of Pittsburgh. The property was assessed by the Allegheny County Board of Property Assessment at $315,000[1] for the years 1972 through 1977. The court below reduced this assessment to $155,000 for 1972, 1973 and 1974 and to $160,000 for the years 1975, 1976 and 1977.

Appellant essentially asserts that the decision below is not supported by competent evidence because Appellee's expert witnesses did not fully or correctly utilize the capitalization of income method to determine the market value of the subject property. Appellee asserts that the decision is supported by competent evidence, and has also made a motion to quash this appeal alleging that Appellant lacked the proper standing to appeal and that its intervention in the proceedings below was improper.[2]

We find no merit in Appellee's motion to quash. Appellant's clear right to appeal is set forth by Section 520 of the Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §5020-520, which states:

> The corporate authorities of any county, city, borough, town, township, school district or poor district, which may feel aggrieved by any assessment of any property or other subject of taxation for its corporate purposes, shall have the right to appeal therefrom in the same manner . . . as if such appeal were taken by a taxable with respect to his property.

---

[1] The parties hereto stipulated that the property was to be assessed at 50% of its fair market value, which is apparently the standard practice in Allegheny County. Therefore, we have consistently stated all property valuations at their *assessed* rather than their *market* value.

[2] Appellant was not an original party to the action in the court below but was allowed to intervene upon oral motion during the trial.

Additionally, Appellant was a proper party for intervention by virtue of Pa. R.C.P. No. 2327. As was stated in *Allegheny County Southern District Tax Assessment Appeal*, 7 Pa. Commonwealth Ct. 291, 305-06, 298 A.2d 653, 650 (1972), *rev'd and remanded on other grounds*, 459 Pa. 268, 328 A.2d 819 (1974):

> Moreover, because the statute [72 P.S. §5020-520] specifically affords a municipality the right to appeal an individual taxpayer's assessment, any plaintiff municipality has the right to intervene in any pending appeal taken by a taxpayer to the Court of Common Pleas, by virtue of Pa. R.C.P. 2327, which provides: 'At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein. . . .' Thus, even if a municipality fails or neglects to take an appeal to the Board in the first instance, it still has the right to intervene in an appeal pending in Common Pleas Court.

Appellee argues that the motion to intervene was oral rather than written as required by Pa. R.C.P. No. 2328 and hence a nullity. Discretion is given to the trial court by Pa. R.C.P. No. 126, which provides: "The rules shall be liberally construed. . . . The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." It is clear, and Appellee does not contend, that any of its rights were adversely affected by the intervention of Appellant on oral rather than by written motion.

Turning now to the merits, we must affirm the decision of the court below. The scope of review of this Court is limited. Our Supreme Court said in its holding in *Park Drive Manor, Inc. Tax Assessment Case*, 380 Pa. 134, 110 A.2d 392 (1955);

The court of common pleas is the fact-finding body in a tax assessment appeal. The principle is clear that the findings of the court of common pleas have great force and will not be set aside by this Court unless clear error is made to appear. . . . Nor will the appellate court disturb the findings and substitute its judgment for that of the court of common pleas, because it is clear that market value is a factual question to be determined by the trial court on the basis of expert testimony. (Citations omitted.)

380 Pa. at 136-37, 110 A.2d at 394.

*See Wynne, Inc. Tax Assessment Case,* 434 Pa. 59, 253 A.2d 632 (1969), and *Pocono Downs, Inc. v. Board of Assessment and Review of Taxes,* 11 Pa. Commonwealth Ct. 81, 83-84, 312 A.2d 452, 453 (1973).

A close examination of the record made in the court below reveals no clear error. Contrary to the implication of Appellant's argument, use of the capitalization of income approach is not mandatory in determining the fair market value of a property for assessment purposes. As the Supreme Court stated in *Park Drive Manor, Inc. Tax Assessment Case, supra,* 380 Pa. at 136, 110 A.2d at 394:

In determining market value many factors *may* be relevant, including capitalized rental income, comparable sales, location of the property and condition of the buildings. . . . But all the elements considered must be directed to determining the value of the property in the market, *a determination which is not controlled by any single factor* and which is ultimately made on the basis of competent testimony as to what the property is worth in the market at a fair sale. (Emphasis added) (citations omitted).

*See also N. L. Shoppers City Appeal,* 419 **Pa. 31, 33-34,** 213 A.2d 268, 269 (1965).

In determining the fair market value of the property, Appellee's witnesses based their opinion upon sales of comparable properties, the physical condition of the building, its location, the condition of the neighborhood, comparable rental values in similar properties, and the general trend of real estate values in the area during the subject years. In arriving at their valuation, they did not utilize the capitalization of income approach which they discussed only in response to cross-examination. There is nothing inherently improper in this approach. Moreover, the court below found Appellee's experts more persuasive than Appellant's expert, and noted that the assessment for the years 1969, 1970 and 1971 had been judicially set at $150,000 at a prior trial and the experts on *both sides* agreed that the value of the property had not changed since 1969. The weight to be accorded conflicting testimony is properly within the trial court's discretion and we will not substitute our judgment on matters of credibility. Since the decision of the court below is abundantly supported by competent testimony, we may and will not overturn it.

Accordingly, we

#### ORDER

AND Now, this 31st day of August, 1977, the decision of the Court of Common Pleas of Allegheny County is hereby affirmed.

Judge KRAMER did not participate in the decision in this case.