In Re: 701 Liberty Avenue Realty Co., etc. Board of Property Assessment, Appeals and Review, Appellant.

In Re: 701 Liberty Avenue Realty Co., etc. Board of Property Assessment, Appeals and Review, Appellant.

In Re: Appeal of the City of Pittsburgh etc. Board of Property Assessment, Appeals and Review, Appellant.

In Re: Appeal of the City of Pittsburgh etc. Board of Property Assessment, Appeals and Review, Appellant.

In Re: 701 Liberty Avenue Realty Co., etc. 701 Liberty Avenue Realty Co., Appellant.

In Re: Appeal of the City of Pittsburgh etc. 701 Liberty Avenue Realty Co., Appellant.

Argued October 7, 1982, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*John M. Silvestri,* for appellant, Board of Property Assessment, Appeals and Review.

*Ronald S. Lombard,* with him *Michael Hahalyak, D. R. Pellegrini and William P. Bresnahan,* for appellee, 701 Liberty Avenue Realty Co., etc.

OPINION BY JUDGE CRAIG, December 13, 1982:

The Board of Property Assessment, Appeals and Review of Allegheny County and 701 Liberty Avenue Realty Company have each brought separate appeals from a consolidated order of the Common Pleas Court of Allegheny County.

This case originates from the board's revision of the tax assessment of an office building property, the Clark Building, for the years 1979 and 1980.

The City of Pittsburgh, as taxing body, and the property owner (701 Liberty Avenue Realty Co.) each appealed from the board's assessment to the common pleas court. Judge BARRY heard the two appeals at a consolidated hearing and held the fair market value of the property to be $2,000,000 for 1979, $2,500,000 for

1980 and $3,000,000 for 1981,[1] the determinations from which these two appeals come.[2]

The board,[3] as appellant, asks that we raise the amount of the assessed values, based on expert testimony that the price paid for the Clark Building by the property owner at a sheriff's sale was below the actual fair market value of the building at that time.

The property owner asks that we reduce the amount of the assessed values, based on expert testimony that the price paid was the fair market value and that its alleged relative low cost reflected the state of disrepair of the building and the disreputable neighborhood location.

Judge BARRY heard and ably resolved these credibility issues[4] as matters of fact. The trial court is the

---

[1] Judge Barry thereafter amended his order on October 19, 1981 to provide a breakdown as to the assessment of the land alone at $275,000. *See Rieck Ice Cream Co. v. Board of Property Assessment, Appeals and Review of Allegheny County*, 417 Pa. 249, 209 A.2d 383 (1965).

[2] Because of an unclearly reproduced notice, the board's brief contended that the property owner's appeal was untimely filed. However, the record reveals that the appeal was filed within the thirty-day limit.

[3] A municipal taxing body (City of Pittsburgh) aggrieved as such by an assessment of property is empowered by the General County Assessment Law, Act of 1933, May 22, P.L. 853, to appeal from a determination, and may intervene under Pa. R.C.P. No. 2327, in any pending appeal taken by the taxpayer from the assessment action. The City of Pittsburgh has done so on behalf of the board at various points in this proceeding. *Marx v. Board of Property Assessment, Appeals and Review of Allegheny County*, 31 Pa. Commonwealth Ct. 496, 377 A.2d 199 (1977).

[4] "In determining market value many factors may be relevant . . . all the elements considered must be directed to determining the value of the property in the market, a determination which is not controlled by any single factor and which is ultimately made on the basis of competent testimony as to what the property is worth in the market at a fair sale . . . ." *Park Drive Manor, Inc. Tax Assessment Case*, 380 Pa. 134, 136, 110 A.2d 392, 394 (1955).

factfinder, particularly as to credibility; we are not. Our limited scope of review is only to reverse the trial court when parties have shown it to have been "clearly in error."[5] Neither party has shown clear error on the part of the trial court, whose findings are well-founded upon expert testimony evaluating the building in comparison with other downtown buildings, the building's location, and its condition.

Therefore, we must affirm the order of the common pleas court.

### ORDER

Now, December 13, 1982, we affirm the orders of the Court of Common Pleas of Allegheny County in Civil Action Nos. G.D. 80-27182 and G.D. 80-30207.

---

[5] "The court of common pleas is the fact-finding body in a tax assessment appeal. The principle is clear that the findings of the court of common pleas have great force and will not be set aside by this court unless clear error is made to appear . . . . Nor will the appellate court disturb the findings and substitute its judgment for that of the court of common pleas, because it is clear that market value is a factual question to be determined by the trial court on the basis of expert testimony." *Id.* at 136-37, 110 A.2d at 394.