## Jacob Appeal

*William H. Mitman,* for appellant.

*Theodore O. Rogers,* for appellee.

RILEY, J., February 14, 1964.—Robert Jacob has appealed the decision of the Board of Assessment and Revision of Taxes of Chester County sustaining the tax assessment upon his property situate in West Goshen Township. At the hearing before us, the following facts appear.

*Findings of Fact*

1. Robert Jacob is the owner of a triangular shaped parcel of ground situate on the southwest corner of the intersection of Westtown Road and Market Street in West Goshen Township consisting of approximately 8.2 acres of land.

2. Two buildings are presently erected thereon and were so erected at the time of the subject tax assessment.

3. One building is an industrial type building, one story brick and block construction with steel frame and fabricated roof with dimensions of 107 feet by 202 feet, now occupied under lease from appellant as a light industrial plant with office spaces attached at a gross rental of $28,700 per year on a five-year lease with renewal option for an additional five years.

4. The second building is of similar construction, more finely finished, designed and occupied as three stores and a warehouse type area with dimension of 98 feet by 122 feet, the gross rental income being $13,200 under varying type leases.

5. In addition to the area occupied by the actual buildings, the remaining ground is used as paved parking areas for each building and an unused section laid out and intended for future building construction.

6. The assessed valuation for tax purposes placed by the tax assessors for the land and buildings is $153,052, arrived at by an averred market value of $382,630, and applying the standard assessment ratio of 40 percent of market value uniformly applied throughout the county.

7. The tax assessment was determined by a computation of value of the buildings by estimated cost of construction, applying a formula of $8.10 per square foot for industrial area construction, $11.20 per square foot for office spaces, $10.10 per square foot for storage area and $1 per square foot of a canopy extension. Land

value was computed by an appraisement of the land according to its location and best use. In arriving at cost of construction, permanent fixtures, as air conditioning, were included but no temporary or movable type fixtures were included in the assessment.

8. The fair and reasonable market value of the tract, as improved, at the date of assessment is $382,000 with consequent proper assessed value for tax purposes, applying the standard 40 percent ratio, at $152,800.

## Discussion

Appellant's contention rests entirely upon an alleged erroneous market value placed upon his property. All parties concede that there are no comparable properties or sales within the relatively immediate area upon which to base a valuation. The tax assessor employed the basis of cost of construction arrived at through a square footage formula, a not uncommon method of computing construction costs, and then evaluating the land according to location and best use. Fallacies may exist in employing cost of construction as a base as it is common knowledge that some buildings are erected at a cost that may be substantially higher or lower than the sales value of the finished product and even a formula computation of cost rests upon the accuracy and acceptance of the particular square or cube foot figure employed. Here we have no substantiation of accuracy or acceptance in the trade of the square foot standards employed by the assessor.

Appellant disputes the cost of construction charged to him and testified to the actual cost to himself. However we cannot credit his figure fully because it was not an accurate figure of cost of duplication of the building. Cost of construction, as applied to sales value, if it has relation at all, has its relation on the fact that a prospective buyer would consider how much it would cost him to reproduce the building elsewhere. Here appellant

avers he was a builder and built at strictly "builders costs" and not at costs normally incident to one going upon the building market and engaging a contractor to build. What the ratio of "profit", overhead and the like normally incident to an outside contract to build the same buildings is does not appear and we will not speculate as to any figures in that area.

Appellant contends, other than cost of construction, the standard of income value should be employed as a basis to compute market value, and produced a realty expert who analyzed the fair rental incomes attributable to the buildings and their locations and arrived at a figure substantially less than the market value placed by the assessor. We coincide that rental income is one factor pertinent in evaluating property but accept the testimony with caution as to the extent the opinion of fair rental income has been determined by current rentals or from an objective appraisement of rentals as they "ought" to be. In this area, we have disagreement between the expert witness for the county and the expert produced by appellants, the latter admitting some current rents were slightly low while the county expert averred them to be substantially low for the true rental value of such buildings in the area in which located and considering other uses to which the buildings might be put.

The county produced a realtor with considerable experience in the area who testified as to his opinion of valuation based upon an anticipated sale value on the open market, considering the size of lot and buildings, amount of zoned commercial frontage and zoned industrial frontage, type of building construction, rental income and other uses to which the vacant land as well as the buildings might be put. Appellant has relied solely upon his testimony of cost of construction to himself and the income factor as a sole basis of market value.

There are, as noted, many factors that enter into a determination of market value. It is encumbent upon us in this appeal to make a determination of the fair market value from the credible testimony and evidence before us: Flamingo Apartments, Inc. v. Board of Revision of Taxes, 383 Pa. 223; Park Drive Manor Tax Assessment case, 380 Pa. 134; Brutscher Appeal, 10 Chester 340; Kaercher Appeal, 6 Chester 16. Even if one factor may be overstressed or erroneously calculated, it is the relation of the ultimate value to fair market value that is most important: North Park Village, Inc. v. Board of Property Assessment, Appeals and Review, 408 Pa. 433. We cannot and do not accept appellant's costs, even if credited, as a sole determinative factor nor rental income as such. While we do not accept cost of construction as the sole norm of value, in the light of the expert testimony otherwise presented combining all factors, we are of the opinion that the market value established by the assessors does accord to fair market value. The county's expert placed the fair market value at $391,293. Taking appellant's own cost figures translated with a reasonable mark up for an outside contractor's overhead and profit with the land value accorded by his own expert, the resulting figure comes within the area of $370,000 to $375,000. It is our determination from all of the evidence presented and a careful evaluation of the same that a fair and reasonable market value for the land, as improved, has been established at $382,000.

### Conclusions of Law

1. The value of the subject premises, as improved, is $382,000.

2. A predetermined ratio of 40 percent has been used uniformly in the taxing district and is to be applied to the market value of the subject premises.

3. Each party shall pay their own costs.

*Order*

And now February 14, 1964, the value of appellant's premises in West Goshen Township having been determined as $382,000 and a ratio of 40 percent of such value to be applied to determine the assessed valuation, the assessed value of the subject premises for local tax purposes is hereby established as $152,800.