Opinion by
 

 Hirt, J.,
 

 In this appeal by the city of Allentown from the valuation of appellee’s land for assessment purposes, the question of a reduction to accomplish equalization with other similar property within the taxing district is not involved. For the purposes of this appeal the court found, and it is conceded, that the basis upon which real estate was assessed for the triennium beginning with 1940, generally throughout the city, was its actual value and not a percentage thereof.
 

 The property is well located with a frontage of 61% feet on Hamilton Street and a uniform depth of 225 feet along Law Street, northwardly to Court Street. The four story brick building is over fifty years old. The entire ground floor is tenanted; of the 43 offices on the upper floors, 22 are vacant. The owner has made extensive improvements but the expense of modernizing the building is prohibitive. In 1930 the entire property including a parking lot for automobiles, yielded a net income in rentals of about $3,250. There is evidence that the probable future life of the building will not exceed fifteen years and that the trend of business is away from that section of the city. The real estate was assessed at $150,000. The lower court, on a finding that $100,000 was the actual value of the property, reduced the assessment to that amount.
 

 The then owner had a wide experience in buying and selling real estate in the City of Allentown and was well acquainted with values. He valued the land and the building at $100,000 and expressed a willingness to sell at that figure. The actual value of the property according to the testimony of four real estate dealers, well
 
 *238
 
 qualified to express opinions, ranged from $80,000 to $96,000. The city offered no testimony. From a consideration of the record we are convinced that the owner and his witnesses measured actual value of the real estate in accordance with the Act of May 25, 1939, P. L. 225, 53 PS 12198, §2504. As a basis for their opinions, they, in general, took into consideration essential factors; the advantages of its location, the earnings in rentals, the uses to which it may be adapted, the prospect for the future, actual sales and assessments of other similar property in the neighborhood, and the probable market value of the land. In expressing opinions as to “actual value” they used the phrase in the sense in which it is used in the above act of assembly as a standard in establishing assessment values.
 

 The evidence as to value was entirely sufficient to rebut the prima facie case made out by the assessment and when overcome by evidence, the presumption in favor of the regularity and validity of the assessment ceased to exist.
 
 Kemble’s Estate,
 
 280 Pa. 441, 124 A. 694. It was then for the city to produce evidence of the actual value of the land. It did not see fit to do so. The hearing was de novo and the lower court, therefore, was obliged to determine the actual value from the testimony of appellee’s witnesses alone. It could not take judicial notice of facts not proven nor act on its general information or knowledge of the property
 
 (Leh.
 
 V.
 
 Coal Co. v. North’d Co. Com’rs.,
 
 250 Pa. 515, 95 A. 712) as a basis for valuation greater than that established by the evidence. On the admission of the owner that the actual value of the property was $100,000 the court could not have found that its value, for assessment purposes, was less.
 

 The order is affirmed.