## In re Summit House

*Robert W. Lentz*, for appellants.
*Milton Apfelbaum*, contra.

PITT, *J.*, January 20, 1975—This is an appeal taken by 106 owners of condominium units at Summit House in East Goshen Township, Chester County, from assessments on said units made by the Chester County Board of Assessment and Revision of Taxes ("board"). The unit owners appealed to the board for the purpose of reducing their assessments. After hearings, the assessments were lowered. The unit owners now seek further reduction of the assessments and specifically challenge a lack of uniformity in assessments between Summit House and similar apartment buildings.

The parties have stipulated to many facts, among them the following

1. Both apartment buildings owned pursuant to the Pennsylvania Unit Property Act of July 3, 1963, P.L. 196, art. 1, secs. 101, et seq., 68 P.S. §§700-101, et seq., such as Summit House, and apartment buildings not owned pursuant to the Pennsylvania Unit Property Act, such as Westtown Mews and Rose Hill, are of similar or identical construction, physical characteristics and cost of construction.

2. Ownership of any property pursuant to the Pennsylvania Unit Property Act does not alter the construction, the physical characteristics, the nature of intensity of use, or the cost of the construction of the buildings thus owned.

3. Despite the similar or identical construction, characteristics and use of condominium and non-condominium apartment units the board has assessed condominium-owned apartment units at a

higher level than noncondominium-owned apartments.

4. Condominium-owned apartment houses such as Summit House compete on the market with rental apartment units by reason of the fact that the monthly payment to the owner is similar and the only difference is the small down payment required for condominium ownership.

5. Single-family units which are owner occupied are assessed on the same basis as single-family units which are renter occupied.

The statute provides that real property shall be valued for assessment purposes at ". . . the actual value thereof, and at such rates and prices for which the same would separately bona fide sell. In arriving at such value, the price at which any property may actually have been sold shall be considered but shall not be controlling. Instead such selling price, estimated or actual, shall be subject to revision by increase or decrease to accomplish equalization with other similar property within the taxing district." Act of May 22, 1933, P.L. 853, art. IV, sec. 402, as amended, 72 P.S. §5020-402.

In addition, the Pennsylvania Constitution provides in article VIII, sec. 1:

"All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

The uniformity standard takes precedence over the fair market value standard and this rule of law which is set forth in the statute and in the Pennsylvania Constitution, appears in numerous cases as well: Buerger v. Board of Assessments, Allegheny County, 188 Pa. Superior Ct. 561, 149 A. 2d 466 (1959); Hammermill Paper Co. v. City of Erie, 372

Pa. 85, 92 A. 2d 422 (1953), cert. denied, 345 U.S. 940, 73 S. Ct. 831 (1953); Buhl Foundation v. Board of Property Assessments, 407 Pa. 567, 180 A. 2d 900 (1962). Therefore, the question that we must decide is whether apartment type condominia are "similar property" or the "same class of subjects" as apartment buildings for property tax purposes.

It is conceded by the board that the only difference between an apartment type condominium and an apartment building, other than a possible higher market value, is that of ownership. It is the board's contention that this difference is enough to make a condominium dissimilar property from an apartment building.

The board argues that a condominium is inherently more valuable and, therefore, dissimilar to an apartment building because of the different income tax treatment of owners of condominium units and renters of apartments. However, this dissimilarity rests not with the property but with the situation of the individuals involved. Indeed, the Federal income tax advantage of the owner of a condominium unit is dependent upon his or her percentage tax bracket, and where such a person receives all his or her income as tax free income from municipal bonds, unemployment compensation, public assistance and the like, he or she would not obtain any such tax advantages over one who rents an apartment. Attempting to distinguish a condominium from an apartment building on the basis of the tax advantages to the unit owners, ignores the fact that all such owners are affected differently for tax purposes and some not at all. To be consistent, the Board would have to assess each condominium unit in conjunction with its owner, taking into consideration the value of the tax advantages of ownership to him personally. This would be contrary to

the scheme of the real estate tax and would also be impractical in that such a reassessment would be required each time ownership of a condominium unit changed or the tax status of the unit owner changed.

For zoning purposes, this court has held that a zoning ordinance failure to provide for condominium uses was not an unconstitutional exclusion because the term "condominium" was but a description of ownership and that the provisions in that ordinance for medium to high density uses such as apartments or townhouses adequately provided for condominiums: Ginter, et al. v. Zoning Hearing Board of West Chester, 22 Chester 359 (1973).

The board also argues that the fact of ownership of a condominium unit is enough to make it dissimilar to an apartment which is rented. However, the board concedes that when assessing a single home, the assessment is unaffected by whether the home is owner occupied or rented by others. This argument seems equally irrelevant upon consideration of condominia and apartment buildings for assessment purposes.

The board cites the Act of July 3, 1963, P.L. 196, art. VII, sec. 701, 68 P.S. §700.701, of the Pennsylvania Unit Property Act, which provides:

"Each unit and its proportionate undivided interest in the common elements as determined by the declaration and any amendments thereof shall be assessed and taxed for all purposes as a separate parcel of real estate entirely independent of the building or property of which the unit is a part. Neither the building, the property nor any of the common elements shall be assessed separately after the declaration and declaration plan are recorded, nor shall the same be subject to assessment

or taxation, except as units and their proportionate undivided interests in the common elements are assessed and taxed pursuant to the provisions of this section."

The board argues that this statute is authority to assess condominia at a higher value than comparable apartment buildings. We disagree. This statute merely outlines the manner in which condominia are to be assessed. Each unit and its common elements must be assessed individually. This is so, since each owner of a condominium unit pays taxes only on his unit. Nowhere in the statute is there any mention of valuation. There is no reason to assume that the legislature meant to imply that the sum of the parts of a building is more valuable than the whole. It is interesting to note that three of our neighboring states, New York, New Jersey and Maryland in their condominium legislation have forbidden a greater total assessed valuation of a condominium than a similar apartment building. *

---

* New York Real Property Law, sec. 339Y:

". . . In no event shall the aggregate of the assessment of the units plus their common interests exceed the total valuation of the property were the property assessed as a parcel."

N.J. S.A. 46: 8B-19:

". . . The total of the assessment for tax purposes against the aggregate of all units constituting the condominium property shall not exceed the assessment which would otherwise have been made against such condominium property as a single parcel had it not been submitted to this act."

Annotated Code of Maryland, Real Property, Sec. 11-122:

"(a) Each property hereafter declared into a horizontal housing regime . . . shall continue its original identity and unity for the purpose of evaluating the whole for assessment purposes . . . The total evaluation thus produced shall be distributed among the condominium units into which the property was divided and the assessment of each unit shall be in direct proportion to the share and interest of each unit . . . and an

The board argues that the market value of condominia is inherently higher than that of similar apartment buildings. That may be so, but we need not decide this question. Assuming arguendo that condominia have inherently higher market values than similar apartment buildings, as we have said earlier, the uniformity standard takes precedence over the market value standard.

Since the board in its stipulation of facts has conceded that Summit House is physically similar to apartment buildings at Westtown Mews and Rose Hill, and since the sum of the units of Summit House has a higher assessed valuation than Westtown Mews and Rose Hill, we enter the following

## ORDER

And now, January 20, 1975, the appeals consolidated for hearing hereunder are sustained and the relief prayed for will be granted as hereinafter set forth. The matters are remanded to the Chester County Board of Assessment and Revision of Taxes with direction to the said board to reassess the properties in question within 90 days of this date in conformity with this opinion and to file the said reassessments of record to the within term and number. Thereafter, and within 30 days of the said filing, the appellants will have the opportunity to file exceptions to the said reassessments. In the event said exceptions are filed, the prothonotary will return the matters to the undersigned for final disposition. In the event no exceptions are filed, this opinion and the reassessments hereinafter to be filed shall constitute our final disposition.

---

individual assessment thereby placed on each condominium unit in accordance with such proportion that such unit bears to the whole property covered by the original declaration."