**In Re Appeal of Brown**

C.P. of Chester County, No. 2012-10054.

*William G. Brown,* pro se.
*Colleen A. Preston,* for Chester County Board of Assessment Appeals.
*William J. Brennan,* for Schuylkill Township.

TUNNELL, *J.,* March 12, 2013—William G. Brown appealed the refusal of the Chester County Board of Assessment Appeals to reduce the assessed value of his residential property in the amount of $290,870 for the 2013 tax year. After conducting a trial de novo on March 8, 2013 and in consideration of the competent and credible

evidence presented therein, the court grants the appeal of William G. Brown and reduces the assessment for the year in question to $224,200, producing a fair market value of $380,000.

## FINDINGS OF FACT

1. The appellant, William G. Brown, is the record owner of a single-family residence located on .63 acres at 117 Pembrooke Circle, in the Valley Forge Woods development, Schuylkill Township, Chester County, Pennsylvania.

2. The appellees are the Chester County Board of Assessment Appeals, Schuylkill Township, and the Phoenixville Area School District.

3. The subject property, bearing a tax assessment parcel number of 27-08-0091, is improved by a two-story stucco dwelling, featuring four bedrooms, 2 1/2 baths, a two-car garage, a finished basement and a covered deck. The house has a gross living area of 2,656 square feet.

4. The property owner filed an appeal to the Chester County Board of Assessment Appeals appealing the increase in the assessed value for the subject property, which had been $277,450.

5. The Chester County Assessment Office assessed the property for 2013 in the amount of $290,870 which, when divided by the common level ratio of 59 percent for 2013, yields a fair market value of $493,000.

6. This was effected by a notice of assessment increase sent by the Board of Assessment Appeals with a mailing date of August 29, 2012.

7. A trial de novo was conducted by this court on March 8, 2013.

8. The Board of Assessment Appeals presented the assessment record into evidence, establishing its prima facie case.

9. The property owner then offered the testimony of Helen Campitelli. She testified that she is licensed by the Bureau of Professional & Occupational Affairs of the Pennsylvania Department of State as an appraiser trainee. She is an employee of J. Puleo Management of Phoenixville and is supervised by Frances J. Puleo.

10. Mr. Puleo reviewed all of the 300 appraisals she had done over the past year, and was present when she made her site inspections. Ms. Campitelli also has 26 years of experience as a licensed real estate sales agent.

11. Over objection of the Chester County Board of Assessment Appeals, the court determined that Ms. Campitelli was qualified as an expert and was competent to perform real estate appraisals under the direct supervision of a licensed real estate appraiser.

12. Frances J. Puleo was also presented as a witness by the property owner. He testified that his company employs Ms. Campitelli, that he supervises her, and affirmed that he has reviewed over 300 appraisals by her, including two pertaining to the subject property. Mr. Puleo testified that he has over 50 years of experience, having first been certified as a Pennsylvania licensed real estate appraiser in 1965.

13. Mr. Puleo's signature appears on the written appraisal of real property, marked as Petitioner's Exhibit 1, as the "supervising state certified real estate appraiser."

14. Ms. Campitelli testified that she only considered the sales approach, and developed three comparables to arrive at her opinion of value.

15. Comparable sale number 1, with an address of 45 Amherst Court, Phoenixville, Pennsylvania, while located in the same development as the subject property, was improved by a much larger home of 3,959 square feet. It had an unfinished basement, and an uncovered deck. After adjustments, she placed the fair market value at $485,925.

16. Comparable sale number 2 was a parcel located at 300 Shelbourne Lane, Phoenixville, Pennsylvania, also with a much larger home than the subject property of 4,004 square feet, and a fair market value of $505,400.

17. Her third comparable sale was located at 96 Ferry Lane, Phoenixville, Pennsylvania, which was improved by a dwelling of 2,894 square feet and is most like the subject property. It also had a finished basement and a deck, but adjustments had to be made because of the presence of an in-ground swimming pool. The fair market value was $350,050.

18. To make her final reconciliation, Ms. Campitelli testified that from the comparables she settled on a mean value of $133 per square foot, multiplied it by 2,656 square feet for the subject property and, after adjustments for the basement and deck, her opinion was that the fair market value of Ms. Brown's property was $380,000 as of November 17, 2012.

19. It was brought out on cross-examination that Ms. Campitelli's original opinion of value prepared for the hearing before the Chester County Board of Assessment

Appeals last year was $493,000 (Exhibit B-3).

20. Ms. Campitelli testified that she had made a mistake. In doing approximately 30 appraisals in this same development, she did not realize that 29 properties had much larger residences, and that Mr. Brown's square footage was significantly smaller. She did not use a proper median value for square footage, and instead used only sales prices, as she had done for the other 29 appraisals.

21. Ms. Campitelli testified that in this situation square footage is the most important factor, and that thus she had "botched" it.

## DISCUSSION

Under the General County Assessment Law, the taxing authority has the power to rate and value all objects of taxation "according to the actual value thereof...." 72 P.S. §5020-402(a). "Actual value" means "market value" which, in turn, is the price a willing buyer would pay a willing seller, considering the uses to which the property is adapted and might reasonably be adapted. *Buhl Foundation v. Board of Property Assessment*, 407 Pa. 567, 570, 180 A.2d 900, 902 (1962); *Willow Valley Manor, Inc. v. Lancaster County Board of Assessment Appeals*, 810 A.2d 720, 723-724 (2002). In arriving at the "actual value" under 72 P.S. §5020-402(a), all three appraisal methods — cost, income and comparable sales approaches — must be considered in conjunction with one another. *Morelyn Plaza Ltd. Partnership v. Bucks County Board of Assessments*, 1997 WL 68578, *3 (Bankr. E.D. Pa. 1997), *aff'd*, 149 F.3d 1164 (3rd Cir. 1998).

In a tax assessment appeal, the court of common pleas must proceed de novo. *Murtagh v. County of Berks*, 715

A.2d 548, 552 (Pa. Cmwlth. 1998), *app. den.,* 557 Pa. 656, 734 A.2d 863 (1999). In a de novo appeal, it is the trial court's duty "to independently determine the fair market value of the parcel on the basis of the competent, credible and relevant evidence presented by the parties." *Green v. Schuylkill County Board of Assessment Appeals,* 565 Pa. 185, 196, 772 A.2d 419, 426 (2001); *Westinghouse Electric Corp. v. Board of Property Assessment,* 539 Pa. 453, 463, 652 A.2d 1306, 1311(1995). The trial court also has the discretion to decide which of the methods of valuation is the most appropriate and applicable to the given property. *Willow Valley Manor, Inc.,* 810 A.2d at 723. If the trial court is presented with conflicting testimony by equally credible experts, it is appropriate for the court to find that the fair market value of the property is "somewhere between the values presented by the competing experts." *Green,* 565 Pa. at 208, 772 A.2d at 433; *Westinghouse,* 539 Pa. at 464, 652 A.2d at 1312; *Trustees of the International Brotherhood of Painters v. Board of Revision of Taxes,* 34 Phila. Co. Rptr. 189, 191 (1997). The trial court is free to accept all, part or none of an expert's testimony in determining value. *West Mifflin Area School District v. Board of Property Assessment,* 802 A.2d 687, 691 (Pa. Cmwlth. 2002).

In a tax assessment appeal, once the taxing authority has presented its assessment record into evidence, it has made out a prima facie case for the validity of the assessment by fixing the time when the burden of coming forward with evidence shifts to the taxpayer. *Deitch Co. v. Board of Property Assessment,* 471 Pa. 213, 221, 209 A.2d 397, 402 (1965). If the taxpayer produces sufficient proof to overcome its initially allotted status, the evidentiary value of the taxing authority's assessment record ceases and

may no longer influence the court's determination of the assessment's correctness. *Green*, 565 Pa. at 195, 772 A.2d at 425-426. In that event, the taxpayer continues to carry the burden of persuasion subject to the taxing authority's ability to rebut the owner's evidence. *Westinghouse Electric Corp. v. Board of Property Assessment*, 539 Pa. 453, 460, 652 A.2d 1306, 1310 (1995). *See also* 16 McQuillin, *The Law of Municipal Corporations* §44.124 (3rd Ed.).

The court begins by observing that it determined Ms. Campitelli's testimony to be credible and competent. The court concluded that her licensure and experience qualified her to offer an opinion of value, supervised as she was by a licensed real estate appraiser of many years. The court also accepts her explanation that she made an honest mistake. To be sure, this was not the strongest expert testimony the court has ever heard, but hers was the only expert testimony presented during the hearing de novo.

Accordingly, Mr. Brown, as the property owner, produced sufficient proof to overcome the prima facie case presented by the board of assessment appeals so that the certified record no longer could influence the court's determination. It is noteworthy that neither the township nor the Phoenixville Area School District chose to present any rebuttal expert testimony.

In short, the court accepts the testimony of Ms. Campitelli and Mr. Puleo, and finds that it is not difficult to believe that a house with 2,600 feet could be worth $100,000 less than one of 4,000 square feet around the corner in the same upscale development.

During closing arguments, the board of assessment appeals advised the court that the appraisal date of

September 17, 2012 on petitioner's Exhibit 1 was not correct, and that the appraisal should have been stated as of the appeal date of May 2012.

The court has looked through all of the testimony and documents presented and the appeal date is not in evidence. The court finds that the September 17, 2012 appraisal date is probative of the only issues that were presented in the case.

## CONCLUSIONS OF LAW

1. The Board of Assessment Appeals established a prima facie case which was, however, rebutted by the competent, credible and relevant evidence presented by the property owner, William G. Brown.

2. According to the competent, credible and relevant evidence the assessed value of the subject property, tax parcel number 27-8-91, for the tax year of 2013 is $224,200 and, applying the common level ratio of 59 percent, the fair market value is $380,000.

## ORDER

And now, March 12, 2013, upon consideration of the competent and credible evidence introduced by the parties at the trial de novo held on March 8, 2013, and based upon the foregoing Findings of Fact and Conclusions of Law, it is hereby ordered and decreed that the appeal of the taxpayer, William G. Brown, is granted, and the assessment of the subject parcel shall be reduced from $290,870 to $224,200 for the 2013 tax year.