IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Pittsburgh and School :
District of Pittsburgh :
:
      v. : No. 467 C.D. 2020
: Submitted: January 15, 2021
Michael K. Lanese, :
           Appellant :

BEFORE: HONORABLE MARY HANNAH LEAVITT, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON          FILED: June 8, 2021

      Before this Court is the *pro se* appeal of Michael K. Lanese (Lanese) from the January 21, 2020 order of the Court of Common Pleas of Allegheny County (trial court) entering judgment against him for delinquent real estate taxes, in the amount of $2,607.67, as assessed by the City of Pittsburgh (City) and the School District of Pittsburgh (School District) (collectively, Taxing Authorities), in regard to a property located at 6613 Baker Street, Pittsburgh, PA 15206, Block & Lot Number 121-E-43 (Property).

## I. Background and Procedural History

On January 31, 2014, the Taxing Authorities filed a Writ of Scire Facias Sur Tax Claim and Statement[1] for unpaid real estate taxes against Lanese for tax year 2008. On March 6, 2014, Lanese filed an Affidavit of Defense. On December 4, 2019, the Taxing Authorities filed a Petition for Rule to Show Cause Why Judgment Should Not Be Entered for Want of Sufficient Affidavit of Defense (Petition), to which Lanese filed an Answer on December 11, 2019. Subsequently, the trial court heard argument from the parties on the matter and issued its January 21, 2020 order. The order read, in pertinent part, as follows:

> AND NOW, this 21st day of January, 2020, upon consideration of [Taxing Authorities'] PETITION FOR RULE TO SHOW CAUSE WHY JUDGEMENT [sic] SHOULD NOT BE ENTERED FOR WANT OF SUFFICIENT AFFIDAVIT OF DEFENSE, and after hearing in open Court, it is hereby ORDERED, ADJUDGED and DECREED that judgment be entered against [Lanese], for delinquent [Taxing Authorities'] real estate taxes in the amount of $2,607.67 . . . .

Trial Court Ord., 1/21/20 (capitalization in original).

In an opinion filed on April 17, 2020, the trial court, quoting what is known as the Municipal Claims and Tax Liens Act (MCTLA),[2] noted, "[p]ursuant to the [MCTLA], '[i]f an affidavit of defense be filed, a rule may be taken for judgment for want of sufficient affidavit of defense, or for so much of the claim as insufficiently denied, with leave to proceed for the residue.'" Trial Court Op., 4/17/20, at 1-2 (quoting Section 19 of the MCTLA, 53 P.S. §7271). The trial court determined that Lanese had not sufficiently denied or challenged the validity of the

---

[1] The trial court opinion states that the Writ of Scire Facias Sur Tax Claim and Statement was served on Lanese on February 18, 2014. Trial Court Op., 4/17/20, at 1.

[2] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§7101-7455.

delinquent taxes and had not provided any evidence to "show that payment has been compromised or that the balance in question has been paid in full."  Trial Court Op., 4/17/20, at 2.  Thus, the trial court entered judgment against Lanese in the amount of $2,607.67.  Lanese appeals the trial court's order to this Court.[3]

## II.    Arguments

## A. Lanese's Arguments

On appeal to this Court, Lanese argues, generally, that he is aggrieved by an unconstitutional tax assessment, collection, and enforcement system in violation of his due process and equal protection rights.  Specifically, Lanese argues, in part, that the use of "privatized tax collection and enforcement is a non-delegable municipal functions [sic] per the protections of Article III, Section 31 of the Pennsylvania Constitution."[4]  Lanese's Br. at 10.  Lanese further contends that the

---

[3] At the outset, we note that, on February 18, 2020, Lanese mistakenly filed his appeal with the Pennsylvania Superior Court, which subsequently transferred the matter to this Court.  As to our standard of review in municipal lien cases, it is limited to determining whether the trial court abused its discretion or committed an error of law, or whether constitutional rights were violated. *Dreibelbis v. State Coll. Borough Water Auth.*, 654 A.2d 52 (Pa. Cmwlth. 1994).  Lanese's appeal involves a challenge to the constitutionality of the MCTLA.  Any party challenging the constitutionality of a statute has a heavy burden to bear because courts presume that legislation is constitutional unless there is a demonstration that the statute "clearly, palpably, and plainly violates the Constitution."  *Konidaris v. Portnoff Law Assocs., Ltd.*, 953 A.2d 1231, 1239 (Pa. 2008) (internal citation omitted).  When the constitutionality of a statute is challenged, the scope of review is plenary, and the standard of review is *de novo*.  *Id*.

[4] Article III, Section 31 of the Pennsylvania Constitution, Pa. Const. art. III, §31, states:

The General Assembly shall not delegate to any special commission, private corporation or association, any power to make, supervise or interfere with any municipal improvement, money, property or effects, whether held in trust or otherwise, or to levy taxes or perform any municipal function whatever.  Notwithstanding the foregoing limitation or any other provision of the Constitution, the General Assembly may enact laws which provide that the findings of panels or commissions, selected and acting in accordance with law for the adjustment or

**(Footnote continued on next page…)**

3

private tax collection system utilized by the Taxing Authorities violates his due process rights, in part, because the employees of the private tax collector are not required to take an oath of office, even though they perform governmental functions.

In addition, Lanese argues that "there have been no evidentiary hearings" in the present matter and that the trial court's ruling was devoid of any reasoning to support "summarily disposing of the case." Lanese's Br. at 10.

Further, Lanese maintains that the Taxing Authorities' more than five-year delay in pursuing the tax lien was prejudicial to him. Lanese also raises contentions about the propriety of the subject lien, stating that it should be stricken for being inaccurate as it relates to the Property description and the name of the owner of the Property for the period in question. Lanese maintains that some of the liens improperly include the names of former owners of the Property, rather than the present owner. Lanese's Br. at 19. He adds that "the lien is based upon substantial mis-description of the realty. At various times the number of buildings purportedly situated upon the realty has become confused with buildings actually located upon an adjacent parcel. These factual errors should invalidate the lien." Lanese's Br. at 20.[5]

---

settlement of grievances or disputes or for collective bargaining between policemen and firemen and their public employers shall be binding upon all parties and shall constitute a mandate to the head of the political subdivision which is the employer, or to the appropriate officer of the Commonwealth if the Commonwealth is the employer, with respect to matters which can be remedied by administrative action, and to the lawmaking body of such political subdivision or of the Commonwealth, with respect to matters which require legislative action, to take the action necessary to carry out such findings.

[5] Additional assertions raised by Lanese are addressed more specifically in the narrative that follows.

## B. The Taxing Authorities' Arguments

The Taxing Authorities acknowledge that Lanese challenges the constitutionality of various Commonwealth statutes and that he asserts his constitutional rights were violated due to an improper delegation of tax assessment, levying, and collection powers to non-governmental entities. Taxing Authorities' Br. at 9-10. However, the Taxing Authorities contend that Lanese is primarily attempting to challenge the underlying tax assessment on the Property, which is not relevant in the present MCTLA collection action. Taxing Authorities' Br. at 4. The Taxing Authorities further contend that "the main thrust of [Lanese's] [a]ppeal is an improper attempt to challenge the underlying assessment of the Property and [Allegheny] County's system of assessing properties for real estate tax purposes. Such an issue has no place in this MCTLA collection action." Taxing Authorities' Br. at 8.

Initially, the Taxing Authorities argue that Lanese waived all issues on appeal because he did not comply with the Pennsylvania Rules of Appellate Procedure in regard to his brief and that the appeal should be quashed pursuant to Pa.R.A.P. 2101.[6] *Id.* Specifically, the Taxing Authorities maintain that Lanese failed to comply with Pa.R.A.P. 2117, 2118, 2119, and 2132. Pa.R.A.P. 2117 requires that Lanese's brief include a "Statement of the Case," which "shall not contain any argument," and is to include a brief procedural history of the case, among other requirements. Taxing Authorities' Br. at 11 (citing Pa.R.A.P. 2117).

---

[6] Pa.R.A.P. 2101 states:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

5

However, the Taxing Authorities argue that Lanese's brief does not include a procedural history of the case, and his statement of the case is almost exclusively argument. Further, the Taxing Authorities note that Pa.R.A.P. 2118 requires a concise and accurate summation of the arguments raised in support of the issues in the statement of questions involved in the case. However, the Taxing Authorities contend that Lanese disregarded this rule by submitting a four-page summary of conclusory statements and unrelated citations to issues he never raised in his statement of questions involved. Further, the Taxing Authorities contend that Lanese disregarded his duty to provide references to the record under Pa.R.A.P. 2132.[7]

The Taxing Authorities add that Lanese violated Pa.R.A.P. 2119 by failing to cite authorities and the principles for which they are cited and, thus, waived his claims on appeal. The Taxing Authorities note that the trial court made it clear that the issues on which Lanese's appeal hinge are whether he sufficiently denied or challenged the validity of the delinquent real estate taxes, whether he provided evidence that payment of same was compromised, and whether the balance in question was paid in full. The Taxing Authorities assert that Lanese presented no evidence or argument of any of these conditions having been met. Taxing Authorities' Br. at 14.

The Taxing Authorities maintain that, to the extent Lanese is making a constitutional challenge to the use of third-party tax collectors to collect and enforce delinquent real estate tax liens under the MCTLA, he offers no relevant case law or authority in support of his position. Further, the Taxing Authorities note that Pennsylvania courts have consistently accepted the MCTLA as a means for

---

[7] Pa.R.A.P. 2132 addresses the manner in which references to the record are to be made in the parties' briefs.

6

collecting delinquent taxes and municipal claims and that "[m]unicipalities may impose the charges, expenses and fees of delinquent real estate tax collection, including reasonable attorney fees and fees of third parties retained by the municipalities upon individual taxpayers." Taxing Authorities' Br. at 8-9. The Taxing Authorities add that "[s]uch charges . . . are not taxes and the Pennsylvania General Assembly did not use its taxing power or delegate any taxing authority to private entities when it passed the MCTLA." Taxing Authorities' Br. at 9. The Taxing Authorities argue that our Supreme Court "has repeatedly upheld the constitutionality of the MCTLA in cases where similar challenges to . . . Lanese's were brought forth by an entire class of citizens, and . . . Lanese does not offer any substantively new basis for his challenges to same." Taxing Authorities' Br. at 15 (citing *Konidaris v. Portnoff Law Assocs., Ltd.*, 953 A.2d 1231 (Pa. 2008)).

In response to Lanese's contention that individuals involved in the tax collection process at issue here are not required to take an oath of office, the Taxing Authorities argue that not only is an oath not required for these individuals, who are not county officers, but it is irrelevant here because Lanese did not raise it at the trial court level. The Taxing Authorities assert that Lanese merely offers conclusory statements that the chief tax assessor for Allegheny County is required to take an oath of office but does not provide any evidence that the County is one of the Taxing Authorities in the present matter (which the Taxing Authorities state it is not), that the chief tax assessor is a "county officer," per the Pennsylvania Constitution,[8] or

---

[8] Article VI, Section 3 of the Pennsylvania Constitution states, in pertinent part:

> Senators, Representatives and all judicial, State **and county officers** shall, before entering on the duties of their respective offices, take and subscribe the following oath or affirmation before a person authorized to administer oaths.

**(Footnote continued on next page…)**

that this individual failed to take the alleged requisite oath of office. Taxing Authorities' Br. at 16. Further, the Taxing Authorities contend that the instant matter is not an appeal of a tax assessment, and it is not the proper venue for Lanese to challenge the tax assessment of his Property. Taxing Authorities' Br. at 18.

As for Lanese's contention that a 5 1/2-year delay between the time he filed his Answer to the Writ of Scire Facias Sur Tax Claim and Statement and the time the Taxing Authorities filed their Petition in pursuit of judgment prejudiced him before the trial court, the Taxing Authorities argue that Lanese's position in this regard is a "conclusory and false allegation [and] is never mentioned nor expanded upon with even the most cursory argument or legal support in [his] [b]rief." Taxing Authorities' Br. at 19. Accordingly, the Taxing Authorities argue that this issue should be dismissed by this Court.

The Taxing Authorities reference Lanese's contention that the United States Supreme Court's decision in *Marbury v. Madison*, 5 U.S. 137 (1803), justifies his claim that "Article III, Section 31 of the Pennsylvania Constitution prohibits the delegation of municipal administrative functions to private corporations."[9] Taxing

---

"I do solemnly swear (or affirm) that I will support, obey and defend the Constitution of the United States and the Constitution of this Commonwealth and that I will discharge the duties of my office with fidelity."

. . . .

Any person refusing to take the oath or affirmation shall forfeit his office.

Pa. Const. art. VI, §3 (emphasis added).

[9] In his brief to this Court, Lanese argues that "the Canon of Construction derived from *Marbury v. Madison* that '[i]t cannot be presumed that any clause in the Constitution is intended to be without effect' [applies] to interpreting Article III, Section 31 of the Pennsylvania Constitution declaring the non-delegable nature of municipal functions performed by private corporations." Lanese's Br. at 9.

8

Authorities' Br. at 19-20. However, the Taxing Authorities argue that Lanese never builds upon his argument further in this regard, and thus, it should also be dismissed by this Court.

The Taxing Authorities assert that, to the extent Lanese has not waived the issue of whether they are constitutionally permitted to retain third-party tax collectors and attorneys[10] under the MCTLA, such practice is, in fact, permissible. Taxing Authorities' Br. at 20. The Taxing Authorities maintain that

> [t]he MCTLA establishes the remedies available to a municipality, or its assignees, where taxpayers fail to timely pay their taxes. Nothing in the MCTLA relates in any way to the assessment and levying of real estate taxes in the County, as [Lanese] seems to implicate, to the extent that he makes an articulable claim at all . . . . Instead, the MCTLA merely establishes the remedies available to a municipality when taxpayers fail to timely pay their taxes.

Taxing Authorities' Br. at 21. The Taxing Authorities argue that "a review of the substance of the MCTLA demonstrates that it is not a tax levying statute" and that "Lanese confuses taxing power with tax enforcement."[11] Taxing Authorities' Br. at 21-22. The Taxing Authorities further contend that levying taxes is different than the administrative function of collecting taxes, and Article III, Section 31 of the Pennsylvania Constitution does not prohibit the delegation of administrative powers. The Taxing Authorities state that, "[i]n fact, the definition of 'charges, expenses and

---

[10] In this case, the collection service is identified as Jordan Tax Service (JTS) and the Taxing Authorities' legal counsel is identified as Goehring, Rutter, & Boehm.

[11] The Taxing Authorities note that their authority to levy a property tax is derived from what is known as the Second Class City Code, Act of April 24, 1905, P.L. 307, *as amended*, 53 P.S. §§22101-28707, and the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1-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. *See* Taxing Authorities' Br. at 22.

9

fees' adopted by the MCTLA expressly contemplates the hiring and payment of third-party collectors by municipalities." Taxing Authorities' Br. at 23 (citing Section 1 of the MCTLA, 53 P.S. §7101).[12] The Taxing Authorities acknowledge that authority to levy taxes may not be delegated and that, here, it "has not under any reasonable interpretation been delegated to JTS or any private party." Taxing Authorities' Br. at 24.

The Taxing Authorities add that Lanese's arguments that he was denied an evidentiary hearing by the trial court, and that the trial court did not provide its reasoning for entering judgment against him, fail because the trial court issued an opinion in support of its order on April 17, 2020, and Lanese never requested an evidentiary hearing and was never denied the chance to submit evidence at oral argument. Taxing Authorities' Br. at 24. The Taxing Authorities argue that their Petition was essentially a motion for judgment on the pleadings, and, thus, Lanese was not "entitled to[,] or improperly denied[,] an evidentiary hearing . . . because his

---

[12] Section 1 of the MCTLA states, in pertinent part:

> The words **"charges, expenses, and fees,"** as used in this act, include all sums paid or incurred by a municipality to file, preserve and collect unpaid taxes, tax claims, tax liens, municipal claims and municipal liens, including, but not limited to, prothonotary and sheriff fees, postage expenses, and title search expenses. A county, city, borough, incorporated town, township, school district or municipal authority may also recover as "charges, expenses, and fees" the charges, expenses, commissions and fees of third-party collectors retained by the county, city, borough, incorporated town, township, school district or municipal authority, provided that the charges, expenses, commissions and fees of such third-party collectors are approved by legislative action of the county, city, borough, incorporated town, township, school district or municipal authority which levies the unpaid taxes, tax claims, tax liens, municipal claims and municipal liens.

53 P.S. §7101 (emphasis in original).

10

Affidavit of Defense was, on its face, insufficient." Taxing Authorities' Br. at 25 (emphasis omitted).

Taxing Authorities further contend that "it is well settled that tax claims are *prima facie* evidence of the facts averred therein." *Id*. (citing Section 20 of the MCTLA, 53 P.S. §7187). Thus, the Taxing Authorities argue that such averments "are conclusive evidence of the facts averred, except to the extent that such averments are **specifically denied** by the affidavit of defense." *Id*. (citing Section 19 of the MCTLA, 53 P.S. §7271) (emphasis in original). In this regard, the Taxing Authorities note that Lanese's Affidavit of Defense failed to specifically deny the facts averred in the Writ of Scire Facias Sur Tax Claim and Statement; therefore, judgment was properly entered by the trial court. The Taxing Authorities add that the trial court "concisely explained that judgment had been entered because [Lanese] had made no challenges to the validity of his delinquent real estate taxes and did not provide any evidence to show that payment had been compromised or [paid in full]." Taxing Authorities' Br. at 25.

### III. Discussion

Initially, we consider whether Lanese's brief on appeal was defective to the point it would necessitate this Court to quash the appeal as suggested by the Taxing Authorities. Although we acknowledge that Lanese's brief does not strictly conform to the Pennsylvania Rules of Appellate Procedure and is, at times, difficult to follow and confusing, in terms of the arguments raised and the basis for the claims he is making, we decline to quash the appeal on this basis. Primarily, we note that Pa.R.A.P. 2101 is permissive in nature, rather than mandatory, stating that "the appeal or other matter *may* be quashed or dismissed." Pa.R.A.P. 2101 (emphasis added). In addition, as we stated in *Allen v. Unemployment Compensation Board of*

11

*Review* (Pa. Cmwlth., No. 913 C.D. 2011, filed March 14, 2012), slip op. at 2, n.8:[13] "Rule 2101 does not mandate that we quash or dismiss a case when a brief may contain technical defects not in compliance with Chapter 21 of the Rules, but permits this Court to exercise discretion whether to suppress defects or, if substantial, to quash or dismiss the appeal." To the extent we comprehend the essence of Lanese's arguments on appeal, we will consider them rather than dismiss them summarily on technical grounds. However, we note that Lanese's rather haphazard presentation of the issues and his arguments makes his brief difficult to follow, and we will not engage in assisting Lanese to make his arguments, or attempt to decipher them, where the matter raised is unclear, ambiguous, or lacking in the requisite support in the record. As we reject the Taxing Authorities' argument that Lanese's appeal must be quashed due to his failure to comply strictly with the Pennsylvania Rules of Appellate Procedure regarding briefs, we next address the issues we are able to discern from Lanese's appeal.

First, we address Lanese's contentions that the liens filed against him were inaccurate and that he was prejudiced by a more than five-year delay in their enforcement. Lanese offers conclusory statements and sweeping pronouncements in these regards. However, he does not support his claims with references to the record or any comprehensible explanation of how his references to various articles and sections of the Pennsylvania Constitution support his argument. Lanese offers no specific explanation of how a more than five-year delay in enforcement was prejudicial to him or to his position, and we cannot say that the passage of time alone is dispositive to the outcome in this matter.

---

[13] This Court's unreported memorandum opinions, issued after January 15, 2008, may be cited "for [their] persuasive value, but not as binding precedent." Section 414 of the Commonwealth Court's Internal Operating Procedures. 210 Pa. Code § 69.414.

In regard to alleged infirmities in the tax liens, Lanese states that "[a] realty tax lien should be stricken for failure to contain the accurate property description[] and the name of the proper owner liened for the period in question," and that "[s]ome of the instant liens carry the names of former owners rather than the present owner and/or the real party in interest." Lanese's Br. at 19. However, Lanese fails to direct us to the record that was provided to this Court by the trial court to support his contention that the liens were defective in the manner he alleges, and he provides no reference to legal authority, including any case law, to support his assertion that the realty tax lien should be stricken due to such alleged defects. In addition, it is not clear to us that Lanese made this argument at the trial court level and that it is not now waived. At one point, Lanese references Article I, Section 20 of the Pennsylvania Constitution, which reads as follows: "The citizens have a right in a peaceable manner to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances or other proper purposes, by petition, address or remonstrance," but other than stating "[t]he failure of the docket of a realty tax lien to be a fully public record violates the right to petition for redress," Lanese offers no support in fact or law for this assertion or how it relates to his contention that the trial court erred by ordering judgment against him in the present matter as a result. Lanese's Br. at 19 (citing Pa. Const. art. I, §20).

Further, Lanese states that "[t]he practice prevailing in Allegheny County to record delinquent tax liens does not satisfy the statutory requirements of [Section 33 of the MCTLA,] 53 P.S. [§]7147." Lanese's Br. at 19. The additional problem is that Lanese does not address what these statutory requirements are, what he means by "the prevailing practice in Allegheny County," or how that "prevailing practice" violates the section of the MCTLA he cites. *Id*.

13

Next, we address Lanese's claims that he was denied an evidentiary hearing at the trial court level and that the trial court did not provide its reasoning for its decision against him. Both of these assertions fail; the latter because the trial court issued an opinion in support of its order on April 17, 2020, and the former because there is no evidence of record to demonstrate Lanese ever requested an evidentiary hearing or that he was denied the chance to submit evidence at oral argument.

The Taxing Authorities argue that their Petition to the trial court was essentially a motion for judgment on the pleading and, thus, Lanese was not entitled to, or improperly denied, an evidentiary hearing because his Affidavit of Defense was insufficient. As the Taxing Authorities state, and we recognized above, "it is well settled that tax claims are *prima facie* evidence of the facts averred therein." Taxing Authorities' Br. at 25 (citing Section 20 of the MCTLA, 53 P.S. §7187).[14] Thus, they are "conclusive evidence of the facts averred, except to the extent that such averments are **specifically denied** by the affidavit of defense." *Id*. (citing Section 19 of the MCTLA, 53 P.S. §7271) (emphasis in original quote). As Lanese's Affidavit of Defense failed to specifically deny the facts averred in the Writ of Scire Facias Sur Tax Claim and Statement, judgment was properly entered by the trial court. As we are unable to discern any error in the trial court's order based on Lanese's foregoing arguments, we next address what appears to be the crux of

---

[14] Section 20 of the MCTLA specifically states:

> Tax claims and municipal claims shall be prima facie evidence of the facts averred therein in all cases; and the averments in both tax and municipal claims shall be conclusive evidence of the facts averred therein, except in the particulars in which those averments shall be specifically denied by the affidavit of defense, or amendment thereof duly allowed . . . .

14

Lanese's appeal, *i.e.*, it is unconstitutional for the Taxing Authorities to rely on non-governmental, third-party contractors to collect delinquent real estate taxes.

As a starting point, we note that we presume statutes enacted by our General Assembly are constitutional. We also note that the MCTLA provides in its definition of "charges, expenses, and fees" that a city or school district may recover the charges, expenses, and fees of **third-party collectors** it/they retain(s), thus contemplating that third-party collectors may be utilized by entities such as the Taxing Authorities in the present matter. Section 1 of the MCTLA, 53 P.S. §7101 (emphasis added). Ostensibly, Lanese is challenging the constitutionality of the use of private, third-party tax collectors, under the MCTLA, as an impermissible delegation of "a non-delegable municipal functions [sic] per the protections of Article III, Section 31 of the Pennsylvania Constitution." Lanese's Br. at 10. In real terms, however, Lanese's appeal appears to be a broader challenge to the legitimacy of the real estate taxes assessed against him, utilizing the MCTLA as the vehicle for his challenge. Lanese frames his argument as a violation of his substantive due process and equal protection rights under the Pennsylvania Constitution, resulting from the alleged unconstitutional delegation of the tax collection function. However, Lanese's assertions are conclusory and insufficient to demonstrate that the MCTLA is unconstitutional or that the use of third-party collectors is an impermissible delegation of a non-delegable municipal function, and his challenge to the legitimacy and assessment of the real estate taxes at issue is misplaced in the present proceeding.

Lanese cites numerous cases for various propositions about constitutional law and tax law, but he does not explain how the cases and the propositions they stand for advance the arguments he asserts. In one instance,

15

Lanese states: "A plaintiff claiming a violation of substantive due process must establish a protected property interest and must also show that it was the victim of governmental action that was arbitrary, irrational or tainted by improper motive." Lanese's Br. at 13. After this statement, he simply references "*Bello v. Walker*, 840 F.2d 1124 (C.A. 3 Pa. 1988) and *Woodwind Estates v. Gretkowski*, 205 F.3d 118 (C.A. 3 Pa. 2000)." *Id.* He continues by stating:

> Here, the recent historical circumstances of the assessment dispute suggest bad faith, improper motives, improper purposes and the attempted imposition of an utterly illogical new tax administrative process that prolifically produces non-uniform and capricious results. The classifications made for taxing purposes to serve the Allegheny County administrative scheme for assessment and collection are wildly irrational as the unprecedented deluge of tax appeals alleging inaccurate property values (103,000 filed as of June 2012) into the new system undeniably demonstrates.

Lanese's Br. at 13.

Lanese adds: "The County of Allegheny has been ordered to conduct a reassessment of real estate properties subject to local taxation due to concerns that the taxing authorities were producing results that lacked uniformity within the meaning of Article VIII, Section 1 [Pa. Const., art. VIII, §1] of the Pennsylvania Constitution." *Id.* He further states:

> Reassessment was much debated and eventually the County duty to do so became delegated to private corporations working under contract with the County. Tyler Technologies has been contracted to implement the program and its corporate employees assume the role of County officials, such as Tyler's Project Supervisor, Wesley Graham, who doubles as the County's (unsworn) "Acting Chief Assessment Officer". (sic) Graham has not taken an oath of office . . . .

*Id.*

16

Lanese's appeal appears to us to be more of an attack on Allegheny County's tax assessment, reassessment, and collection system than an attack on the MCTLA itself. Not only is Lanese's argument misplaced, here, in the MCTLA context, even his argument about the tax assessment system consists of mostly conclusory statements that lack the requisite cogency to be properly addressed by this Court.

As for the use of third-party, private entities to collect taxes, we see nothing in the statutory or case law that would preclude same. We are persuaded by the Taxing Authorities' argument that they have not delegated their taxing authority, they have merely delegated the task of delinquent tax collection. This is no different than a public entity contracting with a private firm to assist it in carrying out any number of its administrative functions, which occurs regularly and in many different contexts throughout the Commonwealth. In *Pennsylvania School Boards Association, Inc. v. Commonwealth Association of School Administrators*, 805 A.2d 476, 482 (Pa. 2002), our Supreme Court adhered to the premise enunciated in *Erie Firefighters Local No. 293 v. Gardner*, 26 Pa. D. & C.2d 327 (1961), *aff'd per curiam*, 178 A.2d 691, 695 (Pa. 1962), that

> [t]he basic distinction between delegable and nondelegable functions, apart from the proscription against levying taxes, seems to be this: If the delegation of power is to make the law, which involves a discretion of what the law shall be, then the power is nondelegable. If the conferred authority is the power or discretion to execute the law already determined and circumscribed, then the delegation is unobjectionable.

Our Supreme Court further added "the purpose of the non-delegation clause is to protect against the exercise of the taxing power by officials not subject to the control of the people." *Pa. Sch. Bds. Ass'n*, 805 A.2d at 483. In the present matter, the only

17

function that was "delegated" by the Taxing Authorities was the function of collecting on the already determined and circumscribed amount of delinquent real estate taxes due and owing from Lanese. The assessment of the tax, itself, was not delegated. Thus, we are unable to discern any impermissible delegation of a municipal function as asserted by Lanese. Accordingly, we determine that the trial court's order did not violate Lanese's constitutional rights.

Lastly, to the extent Lanese argues that the delegation of the delinquent tax collection function is improper because individuals employed by private entities do not take an oath of office, we find little merit in his contention. Lanese fails to demonstrate that private contractors are required to take such an oath and provides insufficient support for why lack of said oath would equate to an unconstitutional delegation of a municipal function and/or violate his substantive due process and/or equal protection rights under the Pennsylvania Constitution. Again, Lanese's contentions in these regards rely primarily on conclusory statements, with a dearth of supporting law and argument.[15]

For all of the foregoing reasons, we determine that Lanese failed to substantiate why he should not be liable for the $2,607.67, in delinquent real estate taxes on the Property. Thus, we affirm the order of the trial court.

_____
J. ANDREW CROMPTON, Judge

---

[15] On February 22, 2021, Lanese filed a Motion for Leave of Court to File Appellant Reply Brief *Nunc Pro Tunc*. Attached to this Motion was Lanese's Reply Argument of the Appellant. We note here that Lanese's Motion is granted, and this Court considered Lanese's Reply Argument as part of its review of this case.

18

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Pittsburgh and School       :
District of Pittsburgh              :
                                    :
             v.                     :    No.  467 C.D. 2020
                                    :
Michael K. Lanese,                  :
                        Appellant   :

# **O R D E R**

**AND NOW**, this 8th day of June 2021, we **AFFIRM** the January 21, 2020 order of the Court of Common Pleas of Allegheny County.

Michael K. Lanese's Motion for Leave of Court to File Appellant Reply Brief *Nunc Pro Tunc* is **GRANTED**.  Accordingly, we direct the Prothonotary to accept for filing Appellant's Reply Brief attached to the February 22, 2021 application for relief.

_____
J. ANDREW CROMPTON, Judge

City of Pittsburgh and School : 
District of Pittsburgh : 
  : No. 467 C.D. 2020
v. : 
  : Submitted: January 15, 2021
Michael K. Lanese, : 
               Appellant : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

***OPINION NOT REPORTED***

CONCURRING OPINION
BY JUDGE McCULLOUGH                      FILED:  June 8, 2021

I concur in the well-reasoned decision reached by the majority. However, I write separately to address the concerns that Michael K. Lanese (Lanese) has alluded to in terms of the uniformity of taxation required under Article VIII, Section 1 of the Pennsylvania Constitution, also known as the Uniformity Clause. PA. CONST. art. VIII, §1. While I agree with the majority that Lanese did not set forth a cogent argument regarding uniformity under our Rules of Appellate Procedure, *see* Pa. R.A.P. 2119 (requiring litigants to adequately raise and develop issues in their briefs), this does not minimize the critical importance of the right to uniform taxation within the Commonwealth. Indeed, this right is guaranteed under our Constitution: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax and shall be levied and collected under general laws." PA. CONST. art. VIII, §1. Our courts have recognized "the

general principle that taxpayers should pay no more or less than their proportionate share of government." *Valley Forge Towers Apartments N, LP v. Upper Merion Area School District*, 163 A.3d 962, 972 (Pa. 2017) (quoting *Downingtown Area School District v. Chester County Board of Assessment Appeals*, 913 A.2d 194, 199 (Pa. 2006)).  Moreover, our Supreme Court has stated:

> While every tax is a burden, it is more cheerfully borne when the citizen feels that he is only required to bear his proportionate share of that burden measured by the value of his property to that of his neighbor.  This is not an idle thought in the mind of the taxpayer, nor is it a mere speculative theory advocated by learned writers on the subject; but it is a fundamental principle written into the Constitutions and statutes of almost every state in this country.

*Valley Forge*, 163 A.3d at 972-73 (quoting *Downingtown*, 913 A.2d at 199).

In terms of proving non-uniformity, our Supreme Court explained in *Downingtown*:

> A taxpayer may prove non-uniformity by presenting evidence of the assessment-to-value ratio of "similar properties of the same nature in the neighborhood." *In re Brooks Building*, 137 A.2d 273, 276 (Pa. 1958).  In *Deitch Co. v. Board of Property Assessment, Appeals & Review of Allegheny County*, 209 A.2d 397 (Pa. 1965), the Court acknowledged that all properties in the relevant taxing district are comparable properties for purposes of calculating the appropriate ratio of assessed value to market value (as all real estate is a class which is entitled to uniform treatment). *Accord Keebler Co. v. Board of Revision of Taxes of Philadelphia*, 436 A.2d 583, 584 (Pa. 1981).  The Court observed, however, that, in the context of a uniformity challenge, the parties and the trial court may rely upon evidence concerning the assessment-to-value ratio of similar properties, as was done in *Brooks*

*Building*, *see Deitch*, 209 A.2d at 402-03; *see also Brooks Building*, 137 A.2d at 275 (stating that "the tax must be applied with uniformity upon similar kinds of business or property"), because such "similar properties" evidence, while not comprehensive, is nonetheless relevant to the uniformity analysis; further, it would be a practical impossibility to require the taxpayer to evaluate the assessment-to-value ratio of every parcel in the taxing district. *See Keebler*, 436 A.2d at 584; *In re Harleigh Realty Co.*, 149 A. 653, 655 (Pa. 1930). Moreover, given that it is relevant, such proof must be considered. *See Deitch*, 209 A.2d at 402 ("Where the taxpayer's testimony is relevant, credible and unrebutted, it must be given due weight and cannot be ignored by the court."); *see also In re Woolworth Co.*, 235 A.2d 793, 795-96 (Pa. 1967); *McKnight Shopping Center v. Board of Property Assessment*, 209 A.2d 389, 393 (Pa. 1965). This led to a situation in which courts determined the [common level ratio] by expert testimony, which ordinarily consisted of statistical analyses. In such cases, where a property owner was able to demonstrate that the parcel in question was assessed at a percentage of value exceeding the percentage applied generally throughout the taxing district, the property owner was entitled to a reduction in the assessment in conformance with the generally applied percentage. *See Keebler*, 436 A.2d at 584; *Deitch*, 209 A.2d at 401; *McKnight*, 209 A.2d at 391-92; *Brooks Building*, 137 A.2d at 276; *Harleigh*, 149 A. at 654. Indeed, this is of the essence of equalization, and thus, uniformity. *See Woolworth*, 235 A.2d at 795 (stating that "uniformity has at its heart the equalization of the ratio among all properties in the district").

913 A.2d at 199-200. As further proclaimed by our Supreme Court, "the limitations on disparate treatment imposed by the Uniformity Clause are not merely formal or abstract in nature." *Valley Forge*, 163 A.3d at 979.

While recognizing the critical importance of uniformity in the imposition of taxes, since a challenge to same has not been developed in this case, I respectfully concur.

_____
PATRICIA A. McCULLOUGH, Judge